## CHARLES AUGUST AMOS V. STATE

No. 31,202. January 6, 1960

State's Motion for Rehearing Overruled February 10, 1960

WOODLEY, Judge, dissented.

*Joe Shannon*, Fort Worth, for appellant.

*Doug Crouch*, Criminal District Attorney, by *John A. Brady*, Assistant Criminal District Attorney, Fort Worth, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is misdemeanor theft; the punishment, thirty days in jail.

The state's evidence shows that appellant stole nine pairs of women's hose from a supermarket.

Appellant did not testify or offer any evidence in his own behalf except a judgment of the county court of Tarrant County dated May 15, 1940, finding him to be a person of unsound mind and committing him to the "Lunatic Asylum" at Wichita Falls, plus proof that the docket in said case reflected no further order by the court. The state introduced in evidence a certificate of the superintendent of the Wichita Falls State Hospital dated August 1, 1942, discharging appellant as being "without psychosis."

No further proof was offered.

The court charged the jury as follows: "You are further instructed that ordinarily every person is presumed to be sane until the contrary is shown by a preponderance of the evidence, and our statutes provide that the discharge of a patient who has been found to be mentally incompetent terminates the presumption that he is mentally incompetent."

Among appellant's requested charges which were by the court refused was one which told the jury that an unvacated judgment of lunacy, when introduced in evidence, creates a presumption that appellant was insane and shifts the burden upon the state to prove the contrary.

Unquestionably this was the law prior to the enactment of the Mental Health Code (Art. 5547-81, V.A.R.C.S.) in 1957. Davidson v. State, 109 Tex. Cr. Rep. 256, 4 S.W. 2d 74.

Since the above statute deprives the accused of a presumption and alters the rules of evidence, it would be unconstitutional as ex post facto if applied to a discharge dated before the effective date of the act. Holt v. State, 2 Tex. 363.

We have concluded that the trial court erred in failing to give the requested charge.

The judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

The Texas Mental Health Code became effective January 1, 1958. The theft was committed more than a year later.

I cannot agree that appellant may successfully attack the statute, in effect when he committed the offense, as ex post facto and unconstitutional.

I respectfully dissent.