Joseph Linwood RICHARDS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20472.

United States Court of Appeals Fifth Circuit.

March 19, 1964.

Rehearing Denied April 21, 1964.

Walter G. Arnold, Jacksonville, Fla., for appellant.

Robert R. Perry, Sp. Asst. U. S. Atty., William J. Hamilton, Jr., Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, Jacksonville, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS* and JONES, Circuit Judges.

TUTTLE, Chief Judge.

This appeal from a conviction and sentence of the appellant for the crime of perjury in testimony given to a Grand Jury is based primarily on the admission by the trial court of testimony tending to prove general bad conduct and the commission of prior criminal offenses by the accused.

The two count indictment charged the appellant with having sworn falsely while giving testimony before a Grand Jury in Tampa, Florida, in that he swore that he was not in Tampa on or about

* Of The Tenth Circuit, sitting by designation.

December 26 and 27, 1960, and that he swore falsely that a certain package received at his father's home did not contain money. The Grand Jury investigation, during which the testimony was given, was investigating a large robbery of an armored car on the night of December 26, 1960. During his appearance before the Grand Jury, appellant was questioned at length about his association with Hubert Hardin, his whereabouts on or about the time of the Rasdale armored car burglary, and whether or not he had received a package of money from Hubert Hardin shortly after the Rasdale burglary. It was in this context that the Government contended on the trial below that testimony given by appellant as to his not being present in Tampa on December 26 and 27 was material to the inquiry then being made by the Grand Jury. It is the Government's further contention that in order to show not only the materiality but the wilfullness which is an ingredient of the charge of perjury,[1] it was necessary on the trial for perjury to prove that the appellant had had an association with Hardin of a nature that would permit the jury to determine that his decision to testify falsely to the Grand Jury was based on a desire to prevent the Grand Jury from obtaining the truth as to appellant's whereabouts at the time of the crime.

The grounds of appeal fall into two general classes. The first relates to what appellant concedes to have been inadvertent statements made by Government witnesses while testifying that would disclose to the jury that appellant had a prior criminal record. Objection was made by counsel for appellant in response to some of these statements, but in no case did counsel specifically request the trial court to instruct the jury to disregard the statements when it was apparent that the trial court had failed to do so. Moreover, counsel did not move for a mistrial when it was apparent to what extent the Government witnesses' testimony might be damaging to the accused.

The second major ground for attacking the legality of the trial arises from what was admittedly a voluntary effort on behalf of the Government to prove a connection between the appellant and his brother Albert with the man Hardin while the latter was confined to a state prison camp, and circumstances which tended to show that appellant and his brother might have assisted in effecting Hardin's escape from the prison camp. This testimony was brought in by the Government both by cross-examining Albert Richards and by putting witnesses on the stand who testified to these facts. Objection was made on behalf of appellant that Albert's cross-examination went beyond the scope of proper cross-examination. As to this, we find that the trial court did not abuse its discretion.

The more important objection, however, was as to the entire line of testimony which showed the connection of the accused with Hardin while he was in the state prison camp and thereafter. Complaint is made, of course, that this testimony was introduced by the Government for the purpose of creating a picture of the accused as an associate of convicts and degraded persons and that it had no relevance to the issues before the court on trial. When the evidence was tendered in the form of testimony given by witness Margaret Adeline Arthur, counsel objected on the ground that it was not relevant. The court required a proffer of testimony out of the presence of the jury and overruled the objection on the ground of relevance;

---

1. "§ 1621. Perjury generally

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 773."

whereupon the testimony was given in the presence of the jury.

Counsel did not request the court to instruct the jury that the purpose of the testimony was in any way limited to proof of materiality or wilfullness in the alleged perjury before the Grand Jury. So, too, with respect to the testimony of the witness Ragan, who took the stand to testify as to the escape of Hardin the day following a visit by appellant and his brother to the prison camp. After objecting to the testimony on the ground that it was in effect a retrial of Hardin and had no relevance to the case at hand, counsel for the appellant stipulated that Hardin had escaped. Counsel made no reservation as to the consideration which the jury might give to this evidence. No motion was made to the trial court that it instruct the jury that Hardin's guilt or innocence or the participation, if any, of Richards in the escape had only a limited bearing on the issues being tried by the jury in this case.

Concluding, as we do and as must have been agreed to by counsel for the appellant when he stipulated to the admission of this fact, that the association between the appellant and Hardin was a relevant fact touching on the wilfullness of the allegedly false testimony given before the Grand Jury and to enable the trial court to determine the materiality of the allegedly false statement, we cannot find that it was error of the trial court not to give a special instruction to the jury in the absence of any request from the appellant that he do so.

Determining, as we do, that the evidence objected to was relevant on the issues of materiality and wilfullness and intent, the failure of the trial court to delineate the exact areas as to which the testimony concerning appellant's association with Hardin could be considered and the failure of the trial court to charge expressly that evidence of appellant's questionable conduct could not be considered on the issue of his guilt or innocence of the offense charged, cannot cause a reversal in this court because of the failure of counsel to move at the trial below to have these points expressly covered in the charge of the court. No such effort was made and no objection touching on these points was made to the court's charge as given.

There was much discussion between the court and counsel as to the relevance of much of the testimony which dealt with appellant's associations with Hardin. While it may have been possible for the Government to have met the minimum requirements of presenting proof from which the jury could find guilt beyond a reasonable doubt by introducing considerably less evidence touching on this relationship than it provided, we cannot say that the evidence as introduced went beyond that which the trial court could, within its discretion, permit the Government to tender in support of its obligation to prove wilfullness and intent to swear falsely. As has been noted, counsel's objection principally was as to the relevance of the proffered testimony. Once this was resolved by the trial court, we think correctly, counsel made no effort to have the jury instructed as to what consideration it might properly give to the evidence thus adduced.[2]

We have carefully considered appellant's further contentions that the evidence was insufficient to warrant submission to the jury on either count. We conclude that there is no merit in this contention.

The Court desires to thank counsel for appellant for accepting appointment by it to represent appellant on this appeal.

The judgment is affirmed.

2. Comments made as to failures by counsel to make special requests of the trial court are not criticized by us as indicating any default on the part of counsel in their representation of the appellant. Once it was apparent to counsel that the damaging evidence was relevant it may have been wise trial strategy for counsel to have avoided requesting any instruction from the court that would have in any way emphasized this evidence.