Willie Earl **CLARK**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 22722.

United States Court of Appeals
Fifth Circuit.

March 22, 1966.

Rehearing Denied May 6, 1966.

Lynn R. Coleman, Houston, Tex., for appellant.

Howard M. Fender, Asst. Atty. Gen., Austin, Tex., Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Austin, Tex., on the brief, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and WARREN L. JONES, Circuit Judges.

HUTCHESON, Circuit Judge:

Appellant Willie Earl Clark is serving a life sentence under a Texas state court burglary conviction. Clark now collaterally attacks, by an application for writ of habeas corpus, the state court conviction, alleging that he was insane at the time of the offense and at the time of his state court trial, and asserting that such insanity renders the state court judgment void. The district court denied the habeas petition on the ground that Clark's allegations failed to show he had been deprived of any constitutional right.[1] We hold that under the special circumstances of this case the district court erred and remand the case for further proceedings consistent with this opinion.

In 1931 Clark was adjudicated insane in a civil proceeding before the county court of Dallas County, Texas, and committed to a state mental institution. Although Clark was released from the mental institution as "improved", the lunacy adjudication has never been vacated. Under Texas law an unvacated lunacy adjudication gives rise to a presumption of continuing insanity, which in any subsequent criminal proceeding has the effect of shifting to the State the burden of proof on the issue of insanity.[2]

Since his release from the state mental institution Clark has been convicted of numerous criminal offenses. The most recent, and that complained of by the habeas petition, occurred on August 16, 1960, when he was tried and convicted in Dallas County, Texas, for burglary, and, it being shown that he had two prior felony convictions, he was sentenced to life imprisonment under the Texas habitual offender statute.[3] Clark was represented by court-appointed counsel. The defense of insanity was not raised nor did the State introduce evidence showing Clark's sanity at any of the critical times. Clark requested an appeal, and a transcript of the trial proceedings was prepared and filed with the Texas Court of Criminal Appeals. However, his appointed lawyer did not assist in the appeal, and the trial court judgment was affirmed solely on the transcript and the State's brief. Thereafter Clark filed two applications for habeas corpus in the Court of Criminal Appeals; in the second he raised the issue of insanity based upon the unvacated 1931 lunacy adjudication. Both applications were denied. From the second Clark petitioned for certiorari in the United States Supreme Court, which the Court denied.

Clark then filed a habeas petition in the Southern District of Texas, asserting

---

1. 232 F.Supp. 255 (S.D.Tex.1964).

2. "[A]n unvacated judgment of insanity shifts the burden of proof to the state to establish the sanity of the accused rather than place the burden of proof upon a defendant to prove his insanity by a preponderance of the evidence." McGee v.

State, 155 Tex.Cr.R. 639, 238 S.W.2d 707, 710, (Tex.Crim.App.1950). The many Texas cases establishing this principle are documented in Annot., 27 A.L.R.2d 121, at 139, 152 (1953).

3. Tex.Pen.Code Ann. art. 63 (Vernon's 1952).

that his restraint under the 1960 sentence is unconstitutional. Clark's petition recites the existence of the unvacated 1931 lunacy adjudication, and the presumption of continuing insanity arising therefrom; liberally construed, this raises the question of insanity at the time of the offense for which Clark was tried in 1960 and at the time of the trial. In the court below it was argued that because of the unvacated lunacy adjudication the State had the burden of proof on the insanity issue, and that, since the State failed to establish Clark's sanity, it had failed to prove its case against Clark and thus the conviction is void. The State answered that the issue of insanity should have been raised during the 1960 trial or on direct appeal therefrom, and cannot be raised collaterally; and urged that in fact Clark was competent at the date of his state court trial. The court below held first that it had no authority "in a habeas corpus hearing to make a determination of a defendant's sanity at the time of his trial";[4] and second that no constitutional right required the State "to bring in the issue of insanity and then rebut the presumption which arises due to the operation of a state rule of evidence."[5]

■ The power of a Federal district court to grant a writ of habeas corpus is restricted to those instances designated in 28 U.S.C. Sec. 2241; pertinent to the present case, Sec. 2241(c) states that "[t]he writ of habeas corpus shall not extend to a prisoner unless * * * (3) [h]e is in custody in violation of the Constitution * * * of the United States * * *."

■ We first narrow our field of inquiry. In a very recent case involving a post-conviction attack by a federal prisoner under 28 U.S.C. Sec. 2255,[6] this Court made it quite clear that mental competency at the time of trial may be raised collaterally by a Section 2255 proceeding where the issue of insanity has not been determined at the trial resulting in conviction. Johnson v. United States, 344 F.2d 401, 405 (5th Cir. 1965).[7] Yet mental competency at the time of the offense, not raised during the trial of a defendant who is sane at the time of trial, may not be raised collaterally, since this issue could and should have been presented at the trial or on direct appeal. E. g., Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965). Thus we need only consider the issue of insanity at the time of trial.

■ We have accepted Clark's petition as raising the issue of his sanity at the time of the 1960 state court trial. The court below refused to determine whether Clark was in fact insane at that time on the ground that it lacked the authority to do so; apparently this conclusion was based on the court's decision that Clark could not raise this issue collaterally. This holding is incorrect. The question is whether at the time of the 1960 state court trial Clark was mentally competent to understand the proceedings against him and properly to assist in his own defense. If he was not, then the state court trial judgment is subject to collateral attack. "The trial and conviction of a person mentally and physically incapable of making a defense violates certain immutable principles of justice which in-

4. 232 F.Supp. at 257.

5. Id. at 258.

6. Section 2255. *Federal custody; remedies on motion attacking sentence.*
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum au-

thorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

7. Accord, Brown v. United States, 267 F.2d 42, 43 (5th Cir. 1959) (per curiam); Gregori v. United States, 243 F.2d 48, 54 (5th Cir. 1957); Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 584–585 (1955), vacated and remanded for hearing, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1955).

here in the very idea of free government." Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717, 720 (1938).[8] Therefore the court below improperly refused to consider this issue.[9]

 This is not to say that insanity at the time of trial will always render the trial proceedings void and subject to collateral attack. The issue of insanity, even at the time of trial, is primarily a defensive one and ordinarily should be raised during the course of the trial or on direct appeal. In fact the courts of Texas have gone so far as to prohibit the introduction of this issue into the case over the defendant's objection. Ex parte Hodges, 166 Tex.Cr.R. 433, 314 S.W.2d 581, 584 (Tex.Crim.App.1958). What we do say is that where facts indicating the defendant was insane at the time of his trial come to light only after the completion of that trial, and this issue was neither consciously waived by counsel nor determined adversely to the defendant at the time of the trial, the trial and the judgment resulting therefrom are subject to collateral attack.

Remaining is our order to the court below. Clark raised the issue of insanity at the time of his trial by availing of a presumption arising by operation of state law because of the earlier unvacated lunacy adjudication. Under state law this is only a rebuttable presumption that shifts the burden of proof on this issue to the State. The State now should be given an opportunity to present its case; and Clark should be allowed to bolster his. Moreover there is no indication from the record before us whether the issue of insanity was considered and discarded by Clark's counsel in the state court trial. Therefore we remand the case to the district court to determine whether Clark informed his state trial counsel of the 1931 lunacy adjudication or whether his counsel knew of it at the time of the trial. If the court finds that counsel did not know of the lunacy adjudication, it shall ascertain whether Clark was insane at the time of the state court trial.[10]

Reversed and remanded with directions.

## On Motion of Appellant that Opinion be Amended.

### PER CURIAM:

It is ordered that the motion of appellant that opinion be amended in conformity with Supreme Court's decision in Pate v. Robinson be, and it is hereby denied.

TUTTLE, Chief Judge (dissenting):

With deference I dissent from the order denying Appellant's motion for modification of the opinion heretofore entered. On March 7, 1966, the Supreme Court decided the case of Pate v. Robinson, 86 S.Ct. 836. The Robinson case is strikingly similar to the one before the Court here. I would modify our opinion

8. Although Sanders involved a habeas corpus attack, it is the basis of the subsequent cases holding that competency at the time of trial may be raised in a Section 2255 proceeding. See, e. g., Bishop v. United States, supra note 7.

9. In Lee v. Wiman, 280 F.2d 257, 266 (5th Cir. 1960), cert. denied, 364 U.S. 886, 81 S.Ct. 176, 5 L.Ed.2d 106 (1960), this Court indicated that the question of whether a state prisoner has been accorded his constitutional rights is materially different from the same question regarding a federal prisoner. From this the court below concluded that the Section 2255 cases allowing mental competency at the time of trial to be raised collaterally, supra note 7, do not support Clark's assertion that this issue may be raised collaterally in a habeas corpus proceeding. We are convinced that at least insofar as regards the issue of insanity at the time of trial, there is no justification for this distinction, since trial of one incompetent at the time of trial is equally repugnant to due process under either the Vth or XIVth Amendments.

10. Clark's Reply and Supplemental Brief introduces for the first time facts casting doubt on the competency of his state trial attorney. This matter can, and should, be presented to and considered by the district court upon remand.

by changing the last sentence thereof to read as follows: "If the Court finds that counsel did not know of the lunacy adjudication, it shall then proceed further in light of Pate v. Robinson."