Joseph Linwood **RICHARDS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23356.

United States Court of Appeals Fifth Circuit.

Jan. 31, 1967.

Rehearing Denied March 2, 1967.

Albert J. Datz, Jacksonville, Fla., for appellant.

Virginia Q. Beverly, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

PER CURIAM.

This appeal from the denial by the trial court without a hearing of appellant's motion to vacate a judgment of conviction and sentence, under authority of 28 U.S.C.A. Section 2255, raises one question only: Did appellant's attack, in his motion, upon the competence of counsel, entitle him to a hearing by the trial court? Richards was convicted and sentenced and, on direct appeal to this court, his conviction and sentence were affirmed. Richards v. United States, 5th Cir., 1964, 329 F.2d 188. Certiorari was denied by the Supreme Court of the United States. 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57. Now, by Section 2255 motion, appellant asserts that he was denied effective representation by counsel. In his brief, he conceded that there was no absence of good faith or conscientious effort by the two lawyers appointed by the trial court to represent him. He says simply that the trial transcript demonstrates a sufficient number of instances in which, according to his view, counsel made erroneous judgments or demonstrated lack of experience as to warrant a finding by the district court that he was not afforded that quality of representation required by the sixth amendment of the United States Constitution and as delineated in the many cases beginning with Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

The obvious impropriety in having the trial court, under Section 2255, or the trial court acting as a habeas corpus court in case of a state conviction, trying the competence of counsel by counting the number of times that counsel failed to object to objectionable testimony, or failed to make an appropriate motion for special instructions to the jury in situations where evidence, though admitted, should be given only limited consideration by a jury, or other acts by trial counsel during a long trial, causes us to repeat what we said in Kennedy v. United States, "Ordinarily, unless a convicted prisoner on habeas corpus or Section 2255 petition alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests, the defendant in a criminal case is bound by the acts of his counsel. Otherwise the courts will be required to try out the ability and competence of counsel whenever a person was convicted and thereafter complained that his lawyer was incompetent. Cf. Gray v. Ellis, 5th Cir., 257 F.2d 159." 259 F.2d 883, 886.

Here, appellant contends for a standard of conduct by court-appointed counsel that has not been recognized and that it would be substantially impossible to ascertain. In his reply brief, he says: "There is no contention that appellant's young attorneys did not put forth their best efforts in their attempts to defend appellant. Appellant also agrees that he is not entitled to the *most* skillful, the *most* artful, or the *most* experienced lawyer at his trial. He does assert that he is entitled to the skill, art and experience of an average 'criminal lawyer.' "

On this appeal, counsel asserts that the trial court, and now this court, on appeal, should, by reading the transcript of the trial, determine that appellant was denied effective representative representation. This was the entire substance of his contention before the district court. No hearing was required to enable the district judge to pass on the merits of this contention. We conclude, therefore, that the district court did not

err in dismissing the complaint, since it did not allege a standard of representation recognized by this court to be required of trial counsel.

The Judgment is affirmed.