**Harry Edison HACKWORTH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23598.**

United States Court of Appeals Fifth Circuit.

July 5, 1967.

---

1. 29 U.S.C.A. § 301 (1958).

Paul Frederick Rothstein, Joel J. Finer, University of Texas, Austin, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Fort Worth, Tex., for appellee.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

PER CURIAM:

Appellant was convicted of knowingly possessing stolen mail in violation of 18 U.S.C.A. Section 1708 (Count I); falsely altering a United States Treasury check in violation of 18 U.S.C.A. Section 495 (Count II); and fraudulently publishing the altered check in violation of 18 U.S.C.A. Section 495 (Count III).

Upon careful consideration of appellant's four-pronged attack upon this conviction, it is clear that he cannot prevail.

Appellant's first asserted point of error that the trial court erred by submitting the presumption of sanity to the jury is without merit. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L. Ed. 499 (1895).

His second asserted point of error that, as a matter of law, the evidence was insufficient under Count I of the indictment to go to the jury is likewise without merit. Smith v. United States, 343 F.2d 539 (5th Cir. 1965); Stevens v. United States, 306 F.2d 834 (5th Cir. 1962). Cf. Barenblatt v. United States, 360 U.S. 109 at page 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959).

The trial court did not err by failing to instruct the jury on its own motion that certain evidence was to be considered for limited purposes only. Richards v. United States, 329 F.2d 188 (5th Cir. 1964), cert. denied 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57. As in *Richards,* neither was such instruction requested nor was there objection because it was not given.

The trial judge correctly instructed the jury on the test of criminal responsibility adhered to by the Fifth Circuit. Howard v. United States, 232 F.2d 274 (5th Cir. 1956); Davis v. United States, 165 U.S. 373, 17 S.Ct. 360, 41 L. Ed. 750 (1897).

The judgment is affirmed.

GODBOLD, Circuit Judge (specially concurring):

I concur in the result. As to the first asserted point of error my views are different from those of my brothers.

The court gave a charge requested by the prosecution which referred, though briefly, to the presumption of sanity. In Howard v. United States, 232 F.2d 274 (5th Cir., 1956) we held that even after there has been produced sufficient evi-

dence to raise the issue of insanity the presumption of sanity goes to the jury to be considered along with other evidence of mental competency.[1]

However, in this case there was in evidence a commitment order entered in the State of Kentucky in 1936 committing the defendant to a state mental institution and showing his release shortly thereafter. The commitment order is remote in time, the defendant's commitment was brief, and there was considerable testimony of psychiatrists who have examined defendant in more recent years that he is sane. But these are matters of weight for the jury.

This is not an appropriate case to consider whether any evidence, however slight and whatever the form, of insanity is sufficient to cause the presumption of sanity to disappear,[2] nor to inquire into whether the presumption should be mentioned to the jury at all,[3] nor of the effect of the commitment order on the ultimate burden of proof.[4] But I am of the view that a state commitment proceeding not shown to be vacated, and as to a person not shown to have been thereafter adjudicated competent and not shown to have been released from commitment as cured, and not shown to have been judicially determined to be restored to competency, is of sufficient evidentiary force to remove the presumption of sanity. That presumption is based on the common experience of mankind that the overwhelming majority of us, regardless of our differences, quirks and peculiarities, are of sufficient mental responsibility that we meet tests of criminal responsibility. The presumption has no application to a defendant who, it is shown on the basis of official state action, may well be outside the ambit of the hypothesis from which the presumption arises. This presumption is simply a convenient aid to rational determination, not to be deified into something else by formalistic application to a situation totally foreign to its purpose.

Because the reference to presumption in the charge was very brief, and no objection was made and no explanatory charge sought, and the other and more recent evidence of sanity strong, the case should not be reversed on this point.

1. Heavy reliance was placed on the following language from Davis v. United States, 165 U.S. 373, 378, 17 S.Ct. 360, 362, 41 L.Ed. 750, 754 (1897): "If the whole evidence, including that supplied by the presumption of sanity, does not exclude beyond reasonable doubt the hypothesis of insanity, of which some proof is adduced, the accused is entitled to an acquittal. * * *"

2. Compare Otney v. United States, 340 F. 2d 696 (10th Cir. 1965), holding that the district court must determine, as an issue of law, whether there has been produced "any relevant evidence of mental illness before or after the offense" required to dissipate the presumption, and if such evidence has been produced the jury is not to be instructed as to the presumption, with Keys v. United States, 120 U.S.App. D.C. 343, 346 F.2d 824, cert. denied, 382

U.S. 869, 86 S.Ct. 144, 15 L.Ed.2d 108 (1965), reiterating the District of Columbia Circuit's rule that the jury is to be instructed concerning the presumption despite the introduction of sufficient evidence to raise a jury issue as to sanity. Cf. Hartford v. United States, 362 F.2d 63 (9th Cir.) cert. denied, 385 U.S. 954, 87 S.Ct. 328, 17 L.Ed.2d 233 (1966).

3. See Thayer, Preliminary Treatise on Evidence, 314, 336 (1898); Wigmore Evidence, § 2491 (3rd Ed., 1940); United States v. Gainey, 380 U.S. 63, 87, 85 S.Ct. 754, 13 L.Ed.2d 658, 672 (1965) (dissenting opinion of Mr. Justice Black).

4. See Clark v. Beto, 359 F.2d 554 (5th Cir., 1966) cert. denied, 386 U.S. 927, 87 S.Ct. 875, 17 L.Ed.2d 799 (1967); Byrd v. Pescor, 163 F.2d 775 (8th Cir., 1947), cert. den. 333 U.S. 846, 68 S.Ct. 648, 92 L.Ed. 1129 (1948).