James Winston SHARP, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 5–344.

United States District Court
N. D. Texas,
Lubbock Division.

April 4, 1968.

---

Bobby D. Allen, Lubbock, Tex., for petitioner.

Allo B. Crow, Jr., Asst. Atty. Gen., Austin, Tex., for respondent.

WILLIAM M. TAYLOR, Jr., District Judge.

In Sharp v. Beto, N.D.Tex.1967, 276 F.Supp. 871, this court determined that petitioner had been denied a hearing on the issue of his mental competency to stand trial in state court in February, 1964. In accordance with the dictates of Lee v. State of Alabama, 5 Cir. 1967, 386 F.2d 97, this court ordered further proceedings to ascertain whether Sharp's competency in 1964 could at this time be determined. In the event of an af-

firmative finding on that issue, there would follow a hearing to determine whether or not Sharp was in fact competent in February, 1964. On March 14, 1968, the court conducted a hearing to resolve the primary issue. Having determined that petitioner's competency as of 4 years ago may be adequately resolved this court remands to the state court for a determination of that issue.

At the hearing in this court petitioner testified on his own behalf concerning the facts surrounding his trial and conviction. He introduced into evidence numerous psychological reports of his mental condition prepared by psychologists on the staff of the Texas Department of Corrections. These reports cover a period of time from August, 1965 (18 months after the trial) to April, 1967. Although these reports are reflective of thinking disorders, the individuals responsible for the preparation thereof were not called to testify as to their opinions as to the length of the history of the disorders. These persons are, however, amenable to being subpoenaed for the forthcoming hearing in state court.

The respondent called petitioner's self-retained 1964 trial counsel, the district attorney who prosecuted the case, and the jailer in whose custody petitioner remained during, and for some time after, the trial. Each of these witnesses gave testimony concerning petitioner's demeanor, his ability to communicate and the apparent coherence with which his rational faculties functioned at the time of the trial. The combined testimony of these witnesses compels the court to conclude that the issue of concern may be adequately resolved.

Lee v. Alabama, supra, does not afford direction to the federal district court once that court has decided that the issue of competency may be adequately resolved.[1] Consequently, the question arises of whether this court or

---

1. *Lee* sole directive is to vacate the judgment of conviction if the nunc pro tunc   determination of competency cannot be made.

the state court is the proper forum for determination of the ultimate issue. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, in specifically declining to sanction the proceedings in which this court is now engaged, offers no guidelines.

In Clark v. Beto, 5 Cir. 1966, 359 F.2d 554, discussed fully in the original opinion herein, 276 F.Supp. at 874, the federal district court was directed to ascertain whether the therein petitioner was competent at the time of his trial.

Since the decision in *Clark*, two intervening circumstances demand attention. In Black v. Beto, 5 Cir. 1967, 382 F.2d 758, the court expressed a desire, in mandatory terms, to accord to the state courts the right to have the opportunity of first resolving disputed facts attendant on issues of constitutional rights, by applying state standards. If this court should undertake to adjudicate petitioner's competency in February, 1964, as in Black, such adjudication "may be determinative of [petitioner's] guilt", and would effectively preempt the functions of state machinery in the administration of state criminal law.[2]

The compulsion to remand is compounded by a recent enactment of the Texas legislature on mental competency to stand trial. Article 46.02, Texas Code of Criminal Procedure, Vernon's Ann., was amended in August, 1967, to provide for a hearing before a jury on the specific issue of competence to stand trial. 5 Texas Session Laws, 1967, p. 1748. Hence, the determination by this court of petitioner's competency would deprive him of a jury trial on that issue.

The 64th Judicial District Court, Lamb County, Texas will be directed to conduct a hearing within 30 days, pursuant to state law, to determine petitioner's mental competency to stand trial in Febru-

ary, 1964, following which the state court will be directed to certify to this court the verdict of the jury.

Order accordingly.

---

2. There is cogent evidence before this court reflecting that at the time of the trial Sharp waived the defense, accorded to him by the State of Texas, of insanity at the time of the offense. A finding by this court that at the time of the trial Sharp was mentally incompetent would vitiate any such waiver. The instant question may, therefore, be determinative of Sharp's guilt or innocence.