Willie Earl **CLARK**, Petitioner-Appellee,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellant.

No. 26704.

United States Court of Appeals
Fifth Circuit.

Aug. 19, 1969.

Crawford C. Martin, Atty. Gen. of Texas, Robert C. Flowers, Charles T. Rose, Thomas F. Keever, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Austin, Tex., for appellant.

Lynn R. Coleman, Houston Tex., for appellee, Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel.

Before AINSWORTH and GODBOLD, Circuit Judges, and DAWKINS, District Judge.

GODBOLD, Circuit Judge.

The appellee Clark was granted a writ of habeas corpus, after evidentiary hearing in federal district court, discharging him from custody imposed in a Texas state court conviction, without prejudice to the right of the state to retry him within a reasonable time. The district court concluded that in the particular circumstances of this case the state was required to prove that at the time of his criminal conviction in 1960 the habeas petitioner was competent to stand trial and that the state failed to discharge its burden of proof, which required the writ be granted. We affirm.

· The appellant Texas state officer raises two principal contentions on this appeal—that the habeas court reversibly erred in concluding that the state had failed to prove competency to stand trial, and that under principles of exhaustion of state remedies and of comity, exemplified by Texas v. Payton,[1] the district court should not have conducted the evidentiary hearing. A radiation of the second issue is the contention that the required corrective action by this court is to remand to the state courts of Texas for a new evidentiary hearing to reconsider the already decided issue of competency to stand trial.

A history of the case is contained in the opinion on a prior appeal, Clark v.

---

1. 390 F.2d 261 (5th Cir. 1968).

Beto, 359 F.2d 554 (5th Cir. 1966), *cert. denied*, 386 U.S. 927, 87 S.Ct. 875, 17 L. Ed.2d 799 (1967).[2] The critical factual point around which all else centers is that Clark was adjudicated insane in Texas in 1931 and committed to an institution, and, though subsequently he was furloughed as improved, the adjudication of insanity was never vacated, and no court has ever found that he has regained his sanity. Under the Texas law in effect at the time of the prior decision of this court, March 1966, the unvacated adjudication gave rise to a presumption of continuing insanity, which had the effect of shifting to the state the burden of proving that when Clark was tried in 1960 he was competent to stand trial.[3]

In the previous appeal this court held that where facts indicating insanity at the time of trial came to light only after trial and the issue was neither consciously waived by counsel nor determined adversely to the defendant at trial, the conviction was subject to collateral attack. The cause was remanded to the district court to give the state an opportunity to present its case on competency as of the time of trial and to give Clark an opportunity to bolster his case on that issue; and to determine if the issue of competency had been waived or litigated, and, if not, to decide Clark's mental state at the time of the state court trial.

A few days before the previous opinion of this court was handed down, the Supreme Court decided Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966). This court declined to recast its opinion in the light of *Pate*, Judge Tuttle dissenting. 359 F.2d at 557.

In January 1968 the district court conducted the hearing it had been ordered to hold. By that date the habeas judge had the benefit of the teachings of *Pate*, whether or not explicated in the Court of Appeals opinion, and the application of its teachings in this circuit set out in Lee v. Alabama, 386 F.2d 97 (5th Cir. 1967) (en banc).

The district judge concluded that because of the long lapse of time since the 1960 trial and the substantial conflicts in the evidence relating to competency, it was impossible to make a current determination of whether Clark was competent to stand trial in August 1960.[4] This conclusion of the habeas judge was not plainly erroneous. The court took considerable evidence, which showed *inter alia* that there was substantial disagreement among psychiatrists and psychologists who had examined appellee several times (ranging from 1931 to 1968) and whose testimony bore on what appellee's mental condition might have been in 1960.

The parties stipulated that under applicable Texas law the outstanding and unvacated adjudication of insanity cast on the state the burden of proving competency to stand trial. Once the court made the factual finding that no retrospective determination of competency was possible, the state had failed to discharge its burden, and the court was required to grant the writ.[5]

2. *See also* the first opinion of the district court, Clark v. Beto, 232 F.Supp. 255 (S.D.Tex.1964).

3. This principle was discussed in our earlier opinion, 359 F.2d at 555.

4. *Compare* Lee v. Alabama, 386 F.2d 97 (5th Cir. 1967), in which on remand, following the en banc decision, the district court in 1967 conducted a hearing, concluded that it could hold a meaningful inquiry into whether Lee was competent to stand trial in 1943, and conducted the inquiry and concluded that he was competent in 1943. 291 F.Supp. 921 (M.D. Ala.). On appeal this court affirmed. 406 F.2d 466 (1969).

5. On the issue of waiver, the district judge found that Clark's trial counsel did know of the adjudication of insanity but that under applicable principles of waiver, *e. g.*, Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), Clark had not waived the issue of competence to stand trial. This conclusion is not attacked on appeal.

We turn now to the contention that the district court should not have conducted the evidentiary hearing but first should have required appellee to seek a Texas state court hearing on the issue of competency to stand trial. This argument springs from the fact that in 1967, after the issuance of this court's mandate and before the evidentiary hearing, Texas amended Art. 11.07 of its Code of Criminal Procedure to provide a more effectual state post-conviction remedy. At the hearing in January 1968, before evidence was taken, the appellant moved that the application be dismissed for failure of Clark to exhaust his state remedies as provided by Art. 11.07, as amended.[6] The motion was denied, and the evidentiary hearing was then held.

In February 1968 this court handed down its decision in Texas v. Payton, *supra*, in which we remanded petitioner therein to the Texas state courts for an evidentiary hearing under the new Art. 11.07 procedures. The district judge in the case *sub judice* filed his opinion in May 1968. He considered whether *Payton* made it improper for him to decide the case, and concluded that it did not since he was acting under a specific remand order from this Court.

With appropriate candor appellant acknowledges that no evidence of appellee's 1960 mental state is available to be offered at a state hearing other than that already presented to the federal habeas judge.

For several reasons appellant's position is not sound. The habeas judge was directed to hold a hearing, and the issues to be heard were framed. *Pate* put a further gloss on the issues but did not substantially change them. When the hearing convened Art. 11.07 had been amended, but the district judge cannot be put in error for lacking the prescience to predict *Payton*, with its articulations of comity between federal and state courts with regard to Art. 11.-07. In any event the salutary principles of *Payton* rest on comity and cooperation between two sovereigns and are not imperatives for every case. When the habeas judge learned of *Payton* the hearing was over, and he was neither bound, nor in common sense impelled, to cast away the voluminous testimony that had been taken and require that all be done over again in state court. Cf. Montos v. Smith, 406 F.2d 1243 (5th Cir. 1969). Now, at the appellate level, with the district court having inquired into 1960 competency and found it impossible to determine, and no further evidence being available, it would be unconscionably wasteful of judicial resources, state and federal, to try again the same narrow issues on the same evidence in a different court.[6A]

Appellant's position is not in keeping with the result in *Payton* itself. There, although a federal district court hearing had been held, it had to be reversed for errors of law, and the petitioner lost the benefit of no valid determinations made in his favor in the federal court. The appellee Clark is the beneficiary of the Great Writ, granted after a full and unexceptionable district court hearing, of which the appellant proposes he be stripped in order to conduct the same hearing over again in state court on the same evidence.[7]

Undergirding the *Payton* approach is the premise that the trial court is in the best position to weigh and evaluate testimony concerning circumstances surrounding the trial. The case before us halted at the threshold with the finding that in 1968 there could be no meaningful determination of appellee's mental state eight years earlier. The testimony was that of experts who had some knowledge of Clark's condition during a

---

6. Appellee repeatedly has conceded that Clark exhausted the state remedies available before the amendment of Art. 11.07, and does not contend otherwise before us.

6A. Cf. Beto v. Martin, 396 F.2d 432, 434 (5th Cir. 1968).

7. *Compare* Bruce v. Beto, 396 F.2d 212 (5th Cir. 1968) in which after *denial* of a writ in federal court, the case was remanded to Texas state court for hearing under amended Art. 11.07 on the issue of competency to stand trial.

period of twenty-five years. Trial events never became the center of focus. The appellant concedes it has no evidence other than what already has been heard by the federal habeas judge.[8] Current feasibility of making a retrospective determination of this evidence could be answered as well in one court as another.[9]

In 1957 Texas adopted a Mental Health Code which amended Art. 5547-81(b), Tex.Rev.Civ.Stat.Ann., to provide that the discharge of a patient found to be mentally incompetent terminates the presumption of insanity. Application of this amendment to Clark's discharge would shift from the state the burden of proof which the state stipulated in the habeas court that it had. In Amos v. State, 169 Tex.Cr.R. 44, 331 S.W.2d 225 (1960), Texas held that the amendment does not operate retroactively to apply to a discharge dated before the effective date of the amendment. Appellant asserts as one reason for requiring a state court hearing that it wishes therein to urge Texas to overrule *Amos*, which would have the effect of freeing the state from the burden of proof, and, unless Clark could present additional evidence, of requiring the writ be denied. But in an application for habeas corpus filed in the Texas Court of Criminal Appeals the issue of insanity based upon the unvacated 1931 adjudication was raised, and the writ denied. See the reference in our earlier opinion, 359 F. 2d at 554. The state was free in that proceeding to urge that *Amos* be overruled.

The conclusion we reach makes it unnecessary for us to consider the issue of whether we constitutionally could vacate a favorable and unexceptionable judgment obtained by appellee in a habeas

court having jurisdiction of the cause on the sole ground that as a matter of comity the court should have deferred to another sovereign the conduct of an evidentiary hearing. Cf. Fisherman v. Achuff, 392 F.2d 587 (9th Cir., 1968) (Ely, J.) (dissenting opinion). Nor is it necessary for us to consider whether appellee's counsel in the 1960 trial was ineffective, an issue on which the district judge declined to make findings.

If the state elects to try Clark again the state court will have full opportunity to assess the issue of his present capacity to stand trial.

Affirmed.

---

8. The appellee's brief states that the trial judge in the convicting state court is now deceased.

9. *See also* Johnson v. United States, 344 F. 2d 401, 411 (5th Cir. 1965), pointing out that delaying the determination of mental competency "will certainly frustrate, if not foreclose forever, any intelligent answer to these * * * questions which depend so much on evanescent psychiatric data and opinions." The habeas court in the present case found it impossible to make a retrospective finding after eight years. Were this case remanded the state court would be examining the same issue after approximately ten years.