Harry Edison **HACKWORTH**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 28692.

United States Court of Appeals, Fifth Circuit.

April 2, 1970.

---

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

**1128**

Harry Edison Hackworth, pro se.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, 5th Cir. 1969, 412 F.2d 981.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

**PER CURIAM:**

■ This is an appeal from the denial of a motion to vacate a federal judgment of conviction and sentence, filed pursuant to the provisions of 28 U.S.C. § 2255. We affirm.[1]

The district court has well stated its findings and conclusions in an unpublished order, which we attach as an appendix to this opinion.

Our examination of this record, and of the previous proceedings upon the appellant's direct appeal in this Court,[2] shows convincingly that the district court did not err in denying § 2255 relief. Accordingly, the judgment below is Affirmed.

**APPENDIX**

**ORDER**

The Petitioner, Harry Edison Hackworth, is in the custody of the Respondent pursuant to a judgment of conviction from the United States District Court for the Northern District of Texas, Amarillo Division in criminal cause No. 2–208. On March 3, 1966, in cause No. 2–208, the Petitioner was convicted by a jury upon his plea of not guilty to a three-count indictment which alleged the commission of three felony offenses of possession of stolen mail matter and forging and cashing a United States Treasury check. On March 4, 1966, the Petitioner was sentenced by the judge to imprisonment for terms of five (5) years on each of the three counts, the three sentences to run concurrently. Appeal

2. Hackworth v. United States, 5th Cir. 1967, 380 F.2d 19, cert. denied 389 U.S. 1054, 88 S.Ct. 799, 19 L.Ed.2d 848.

was taken to the Court of Appeals for the Fifth Circuit, and on July 5, 1967, the judgment of conviction was affirmed with a written opinion. Hackworth v. United States, 380 F.2d 19 (5th Cir. 1967) cert. den. 389 U.S. 1054, 88 S.Ct. 799, 19 L.Ed.2d 848. The Petitioner has filed his motion to vacate sentence and judgment pursuant to section 2255 of Title 28 United States Code, and the Respondent has duly answered.

Liberally construing the Petitioner's voluminous and inartfully drawn petition, it appears that the Petitioner has attempted to raise the following grounds for relief:

1. That the trial court did not obtain jurisdiction over his person for the reason that he was removed from the Dade County Jail, Miami, Florida, to the Northern District of Texas under an illegal and unlawful warrant and indictment.

2. That the Petitioner was not arraigned in cause No. 2–208 and no bond was set.

3. That the Petitioner was not properly represented by his court-appointed attorney.

4. That the trial court had no jurisdiction to try the Petitioner since at the time of trial a 1936 lunacy judgment remained unvacated and undisturbed and that the Petitioner was insane at the time of trial.

The first three grounds alleged by the Petitioner are conclusionary (sic) and unsupported by allegations of fact. Furthermore, these three grounds are patently without merit under the record in this cause.

As to the final ground remaining, to which the majority of the Petitioner's motion is directed, the issue of the Petitioner's competency to stand trial was determined in the trial court prior to the time of trial. On March 2, 1966, the trial judge held a hearing upon the issue of the Petitioner's competency to stand trial and the trial judge entered an order finding the facts as follows:

(1) Defendant *Harry Edison Hackworth* is not psychotic and is legally sane.

(2) Defendant *Harry Edison Hackworth* has sufficient present ability to consult with his lawyer and to assist in his own defense with a reasonable degree of rational understanding.

(3) Defendant *Harry Edison Hackworth* has a rational as well as factual understanding of the proceedings against him.

(4) Therefore, the Court finds that Defendant *Harry Edison Hackworth* has the present mental capacity to stand trial.

Furthermore, the issue of the Petitioner's sanity at the time of the commission of the alleged offense was litigated and determined adversely to the Defendant during the trial, and such determination was affirmed on appeal.

The mere existence of a prior unvacated or undisturbed lunacy adjudication did not in and of itself deprive the Court of jurisdiction. Therefore the Petitioner's final ground for relief is wholly without merit.

In the light of the above, the Court finds that the record in this cause conclusively demonstrates that the Petitioner is not entitled to relief and no hearing will be necessary.

It is therefore ordered that the Respondent's motion to dismiss is hereby granted and the Petitioner's motion to vacate the judgment and sentence is hereby dismissed.

The Clerk will send copies of this order to the Petitioner and to the attorney for the Respondent.

Signed and entered the 27th day of June, 1969.

/s/ HALBERT O. WOODWARD
United States District Judge