Don Garriga CHAPMAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-3199

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1973.

Certiorari Denied May 7, 1973.

See 93 S.Ct. 2163.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Henry Clay Mitchell, Jr., Pensacola, Fla., for petitioner-appellant.

William H. Stafford, U. S. Atty., Pensacola, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

■ The sole question raised on appeal is whether it was error for the district court to deny Chapman's § 2255 petition to vacate a prior conviction without first affording him an evidentiary hearing. Because no hearing is required where a prisoner's allegations are unbelievably fanciful and are affirmatively contradicted by the record, we affirm. *See* Williams v. United States, 5 Cir. 1971, 443 F.2d 1151, 1155; Smith v. United States, 5 Cir. 1970, 431 F.2d 565, 566; Howard v. United States, 5 Cir. 1970, 420 F.2d 478, 479; Todd v. United States, 5 Cir. 1969, 418 F.2d 134, 135; Holland v. United States, 5 Cir. 1969, 406 F.2d 213, 216; cf. Lafoon v. United States Board of Paroles, 5 Cir. 1971, 441 F.2d 490.

■ Represented by counsel at his jury trial in 1970, Chapman was convicted of attempting to burglarize a federal bank in violation of 18 U.S.C.A. § 2113 and was sentenced to ten years' imprisonment. His conviction was affirmed on appeal. United States v. Chapman, 5 Cir. 1970, 435 F.2d 1245, cert. denied, 1971, 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654. For the first time Chapman now alleges that he was adjudged mentally incompetent on February 25, 1949, by a county court in the State of Florida and that his incompetency continued during 1969 when the attempted burglary was committed, as well as during his trial and at the time of his sentencing. The doctors who examined Chapman in 1949 found that he was "a constitutional psychopath (psychopathic personality) and therefore is not 'insane' in the strict sense of the word. This type of a person is a 'never-do-well,' a trouble maker and often is a criminal type." There is no record that Chapman was ever a patient in the Florida State Hospital.

■ The issue of insanity ordinarily should be raised during the course of a trial or on direct appeal. Clark v. Beto, 5 Cir. 1966, 359 F.2d 554, 557. Chapman did not raise the issue of his mental incompetency during his trial, nor did he raise it before this court when he directly appealed his conviction. *See* United States v. Chapman, *supra*. Furthermore, although Chapman, represented by counsel, has participated in two

other trials in the Northern District of Florida and in one in the Middle District of Florida, all of which were appealed, there was not so much as a suggestion of mental incompetency in any of these proceedings. Moreover, the district court found that during the course of his trial Chapman was alert and knowledgeable; that he cooperated with his counsel and assisted in his defense; and that at no time did he appear incompetent or in any way unable to stand trial. Under these circumstances Chapman's present contention that he was incompetent and that his incompetency continued for over twenty years is utterly unbelievable. Having carefully reviewed the record, we find this appeal frivolous. Affirmed.