**Ex parte Charles B. YARBOROUGH.**

**No. 64610.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 12, 1980.

John B. Holmes, Jr., Dist. Atty., and Molly Naylor, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is an application for post–conviction writ of habeas corpus, pursuant to Article 11.07, Vernon's Ann.C.C.P. On June 7, 1978, the petitioner was convicted of theft and sentenced to seven years confinement; it is the incarceration resulting from this conviction which the petitioner alleges has illegally deprived him of his liberty.

The petitioner contends that his confinement is illegal because he was mentally incompetent to stand trial at the time he was convicted for theft. At the hearing on the application for writ of habeas corpus, it was adduced that the petitioner was indicted for Assault to Murder on January 12, 1968. On February 25, 1969, a jury found that the petitioner was insane at the time of the offense and at the time of trial. The petitioner was committed to Rusk State Hospital. The hospital records reflect that petitioner was discharged from Rusk Hospital on December 16, 1974. The petitioner's wife testified at the hearing that no hearing was held before the court on an application to restore petitioner's sanity.

■ Apparently, it is the petitioner's contention that he is entitled to discharge because this prior adjudication of insanity was never vacated by a court in a restoration of sanity hearing or by any other method. Aside from evidence of the prior adjudication of insanity, no other evidence was offered to show that petitioner was incompetent to stand trial in 1978. According to the record before us, the issue of incompetency was never broached at petitioner's trial for theft, nor was there any indication that anyone other than petitioner and his wife was aware of petitioner's prior adjudication of insanity. Although the issue of petitioner's competency to stand trial was not raised at time of trial, the issue is one which can be properly raised for the first time by a petition for writ of habeas corpus. *Ex Parte Tuttle*, 445 S.W.2d 194 (Tex.Cr.App.1969). See *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Ex Parte Hagans*, 558 S.W.2d 457 (Tex.Cr.App.1977).

■ Prior to 1958, an unvacated judgment of insanity established a presumption of continuing insanity, thus shifting the burden of proof to the State to establish the sanity of the accused by a preponderance of the evidence. *Clark v. Beto*, 283 F.Supp. 272 (S.C.Tex.1968), affirmed 415 F.2d 71 (1969). See *Ex Parte Tuttle*, supra; *Amos v. State*, 169 Tex.Cr.R. 44, 331 S.W.2d 225 (1960); *McGee v. State*, 155 Tex.Cr.R. 639, 238 S.W.2d 707 (1950). However, the enactment of Article 5547–81(b), V.A.C.S. abolished the presumption of continuing mental incompetency where the patient was discharged. Article 5547–81 of the Mental Health Code provides:

"(a) The discharge of a patient terminates the period of commitment; and a discharged patient shall not be again hospitalized other than in accordance with the provisions of this Code.

(b) *The discharge of a patient who has been found to be mentally incompetent terminates the presumption that he is mentally incompetent.*" (Emphasis added)

See *Paul v. State*, 544 S.W.2d 668 (Tex.Cr.App.1976)

In the instant case, the petitioner was adjudged insane, committed to a mental institution, and then discharged subsequent to the enactment of the 1958 amendment; thus, it was not the State's burden to prove the competence of the petitioner. *Clark v. Beto*, 415 F.2d 71 (1969). See *Amos v. State*, supra. In *Ex Parte McWilliams* (Tex.Cr.App., delivered October 15, 1980), the Court stated:

"Previous admission to a mental hospital coupled with an explanation does not require a separate hearing to determine competency. *Cruz v. State*, 530 S.W.2d 817; *Bledsoe v. State*, 519 S.W.2d 646. In *Ainsworth v. State*, 493 S.W.2d 517, no error was found in the trial court refusing to impanel a competency jury although it was discovered mid–trial that the defendant was an escapee from Rusk State Hospital. It was found that an earlier diagnosis that the defendant was

mentally ill meant little when contrasted with a present evaluation by his own counsel, the trial court and a psychiatrist on the question of present competency. *Ainsworth v. State*, supra, at 522.

In the instant case, the only matters which could have raised the question of competency at the time of trial was information concerning petitioner's two prior commitments at mental institutions."

In the instant case, there is nothing in the record to indicate that the convicting court was presented with any evidence which would raise a bona fide doubt as to the petitioner's competency to stand trial. See *Ex Parte Hagans*, supra. Cf. *Ex Parte Johnson*, 587 S.W.2d 163 (Tex.Cr.App.1979). The demonstration by the petitioner that he was at one time found to be insane, standing alone, does not establish that the petitioner was incompetent to stand trial for theft in 1978. *See Ex Parte Williams*, supra. See also *Paul v. State*, supra. The relief requested is denied.

It is so ordered.

ROBERTS and CLINTON, JJ., concur in the results.

ONION, P. J., dissents.