LILES, Chief Judge.
The defendant was charged with and convicted of the crimes of burglary and possession of burglary tools.
The defendant and his three companions were in the process of opening a safe located within a furniture store when they were discovered by the police. Upon realizing that they had been discovered they fled the building but were later apprehended. An acetylene torch was discovered inside the store near the safe and burn marks were visible on the safe.
The defendant chose to represent himself at the trial even though a public defender was appointed to represent him. Following a jury verdict of guilty, defendant was convicted as charged and this appeal followed.
The defendant advances for our consideration two questions. The first question concerns testimony presented by the state which disparaged defendant’s character. The defendant had not placed his character in issue and the testimony adduced shed no light on motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality. Apparently, the testimony was introduced for the purpose of showing the bad character or criminal propensity of the accused. Clearly, this testimony was irrelevant and should have been excluded. However, the defendant made no objection to this testimony and the trial court failed to strike or exclude its sua sponte. The normal rule is that error committed by the trial court cannot be raised on appeal unless timely objection was made at the trial level. Jalbert v. State, Fla.1957, 95 So.2d 589. An exception to this rule is made for jurisdictional or fundamental error, but we do not find that the admission of this testimony falls within the exception. It should be remembered that counsel was appointed to represent defendant, but defendant discharged his counsel and elected to represent himself.
The defendant in his second question challenges the sufficiency of the evidence upon which he was convicted of the possession of burglary tools. The defend *513 ant urges that the evidence shows only that he was in the same building where the acetylene torch was used. This is sufficient. The state is not required to prove that the acetylene torch was in the actual possession of one defendant as opposed to the others. Obviously, the torch belonged to one of the defendants. The fact that they were all in constructive, if not actual, possession of the tool is sufficient to support this conviction. Estevez v. State, Fla.App. 1966, 189 So.2d 830.
Affirmed.
ALLEN and SHANNON, JJ., concur.