George W. MILTON, Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 25612.

United States Court of Appeals Fifth Circuit.

June 5, 1968.

George W. Milton, pro se.

George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before BROWN, Chief Judge, WISDOM, Circuit Judge and BREWSTER, District Judge.

BROWN, Chief Judge:

Appellant, who is presently serving a life sentence imposed on December 12, 1958, for murder, seeks habeas relief from that conviction and sentence. The Federal District Judge, without holding an evidentiary hearing but on the basis of the State Court transcript, denied the relief sought. Appellant here contends that his conviction was constitutionally void because an oral confession as a matter of law was not voluntary and, in any event, it was introduced against him at trial without proper procedural safeguards being taken to determine the voluntariness of that confession.[1] We affirm but not for the reasons given by the Court below and certainly not by ruling on the intrinsic merits of these claims.

The facts from the State Court transcript are not at this junction very much disputed. Appellant was arrested and

---

1. Our disposition of the case makes it unnecessary for us to reach the question about the constitutionality of the method used to determine the voluntariness of the confession at Appellant's State trial under the ruling in Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

indicated for murder. At this time Appellant had retained counsel. A scheme was set up in which a police officer disguised as a prisoner was placed in a two-man cell with Appellant for about two days but Appellant was not informed of the officer's true identity. The officer questioned Appellant about his crime and obtained from him the oral confession of the murder of his wife that was introduced against Appellant at trial.

For reasons which we shall shortly state we do not pass upon the merits of this attack. Nor do we, for that matter, intimate even a possible whisper of a suggestion of how it will or should come out. But notwithstanding this disclaimer it was only realistic to suggest that a long line of Supreme Court cases [2] all raise very grave doubts as to the voluntariness or admissibility of a confession obtained by trickery in this manner. But although Appellant has challenged voluntariness of the confession in the Florida Courts he has failed to present these particular factual contentions regarding this confession to the State Sentencing Court either by appeal or by a motion to vacate judgment under the Florida post-conviction procedure of Rule 1, F.S.A. § 924 Appendix, Rule 1; In re Criminal Procedure Rule No. 1, Fla., 1963, 151 So.2d 634. Thus he has not exhausted an available state post-conviction remedy as required by 28 U.S.C.A. § 2254.

This raises questions for us as to the action now to be taken by us. Should we try to decide this on materials which have a remarkable, if not quite adequate, completeness? Should we send it back to the Federal District Court to evaluate and make the requisite findings? Or should we, in the interest of genuine working comity put the fact-finding responsibility as to this new factual thesis squarely on the Florida Courts where, initially at least, it belongs? On this we have no doubt. We are now committed to the fullest exploitation of the many new and urgently needed state post-conviction remedies. In the long run, time is saved and constitutional rights are better vindicated by assuring that state mechanisms to ascertain and find facts are fully used. We reject again, as we have so many times recently the beguiling appeal of remanding it for the Federal Judge to do what is initially the clear duty of the State Court. See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; accord, Beto v. Conley, 5 Cir., 1968, 393 F.2d 497; Mobley v. Dutton, 5 Cir., 1967, 380 F.2d 14. This is not abdication. To the contrary it effectuates the Supremacy Clause in a vivid way to (a) place initial responsibility where it belongs and (b) hopefully by fact ascertainment and finding the constitutional claim will be recognized by the state court or, if not, (c) the Federal Court will have an adequate record on which to make the inescapably independent judgment on the facts. See 28 U.S. C.A. § 2254, as amended Nov. 2, 1966, Pub.L. 89–711, § 2, 80 Stat. 1105.

The result is that the judgment of the District Court is affirmed but this is without prejudice to Appellant to reapplying for relief in the State Court under the proper post-conviction procedures.

Affirmed.

2. See, e. g., Leyra v. Denno, 1954, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948; Spano v. People of State of New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L. Ed.2d 1265; Massiah v. United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L. Ed.2d 246; Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977; Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694; and Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.