Edward ASKEW, Appellant,

v.

STATE OF ALABAMA, Appellee.

No. 25666.

United States Court of Appeals
Fifth Circuit.

July 16, 1968.

William H. Hardie, Jr., Mobile, Ala., for appellant.

Paul T. Gish, Jr., Asst. Atty. Gen., Macdonald Gallion, Atty. Gen. of Alabama, Montgomery, Ala., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

PER CURIAM:

This is an appeal from the District Court's order dismissing appellant's petition for the writ of habeas corpus without first conducting an evidentiary hearing. We agree with the District Court that the petition before it contained no allegations which would have warranted an evidentiary hearing. Accordingly, we affirm.

In his petition before the District Court, appellant alleged (1) that he was arrested illegally, there being no probable cause for his arrest, (2) that he was held incommunicado without benefit of counsel, (3) that he was denied the right to confront witnesses against him at his preliminary hearing, and (4) that he was denied the right to counsel at his preliminary hearing. Because appellant had plead guilty at his state trial, however, the District Court dismissed the petition. Appellant made no contention that his plea of guilty was involuntary either because of the alleged violations of his constitutional rights or because of any other alleged state of facts. The voluntariness of his plea was simply not challenged. Moreover, the records show that he entered his plea of guilty at trial with the advice and benefit of counsel. Therefore, the District Court's dismissal was proper in light of the well settled rule that a guilty plea, if voluntarily and understandingly made, waives all non-jurisdictional defects in the prior proceedings against an accused.[1] E. g., Busby v. Holman, 356 F.2d 75, 77 (5th Cir. 1966); Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966); United State ex rel. Glenn v.

---

1. A guilty plea, however, does not waive the right of an accused to challenge the

constitutionality of the statute under which he is convicted. See, e. g., Haynes

McCann, 349 F.2d 1018 (2d Cir. 1965); Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964); United States v. Spada, 331 F.2d 995, 996 (2d Cir. 1964). As long as the guilty plea stands, appellant is not entitled to an evidentiary hearing on any of the allegations contained in his petition before the District Court.[2]

Affirmed.

v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); United States v. Ury, 106 F.2d 28, 124 A.L.R. 569 (2d Cir. 1939). Rather, the waiver extends only to violations of those procedural rights guaranteed by due process which are incident to the criminal investigation and prosecution.

**2.** It should be noted that, standing alone, appellant's contention that his arrest was

illegal does not warrant an evidentiary hearing in any event, for it does not raise a substantial federal question. E. g., Sutherland v. Wainwright, 399 F.2d 303 (5th Cir. 1968) [May 22, 1968]; Miller v. Eklund, 364 F.2d 976 (9th Cir. 1966); Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965).