**Troy Lee WEBB, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25143.**

United States Court of Appeals
Fifth Circuit.

Aug. 21, 1969.

Ernest E. Figari, Jr., Dallas, Tex., for appellant.

Douglas H. Chilton, Asst. Atty. Gen. of Texas, Austin, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

SIMPSON, Circuit Judge.

Webb was found guilty of murder with malice on April 25, 1961, in Dallas County, Texas, and was sentenced to a ninety-nine year term. No direct appeal was taken to the Court of Criminal Appeals of Texas. On February 17, 1966, the appellant filed a petition for a writ of habeas corpus in the Texas Court of Criminal Appeals which was denied without opinion on March 21, 1966.[1] On May 17, 1966, appellant filed

---

1. At the time of the appellant's habeas corpus petitions to both the state and federal courts the new habeas corpus pro-

cedure provided by Article 11.07, Texas Code of Criminal Procedure (1965) was not available because the effective date

his petition in the federal district court for writ of habeas corpus under Title 28, U.S.C. Section 2254. This application was denied after a hearing on June 19, 1967, and this appeal followed. Before the merits of this appeal can be reached, the threshold question of exhaustion of state remedies must be discussed.

 Unquestionably the appellant exhausted the state remedies available at the time before the application for habeas corpus was made to the court below.[2] The issue, then, is whether this Court should dismiss the appeal without prejudice to the appellant's right to reapply for relief under Texas' new habeas corpus procedure, Article 11.07, Vernon's Ann. Texas Code of Criminal Procedure, as was done in State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. Since the exhaustion of state remedy requirements of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), have been met, the question of retention of federal jurisdiction becomes one of comity. State of Texas v. Payton, supra. In view of the fact that this appeal is completely without merit, neither justice nor the federal-state judicial relationship can be enhanced by our direction to the district court to issue a *Payton*-type dismissal. No further precious judicial time, state or federal, should be expended in this connection. Accordingly, we reach the merits of this appeal and dispose of it adversely to the petitioner.

 The appellant contends that his confession given some 16 hours after his arrest was involuntary and should not have been admitted into evidence. Since the trial of this case predated Miranda v. Arizona, 385 U.S. 436, 86 S.Ct. 1602, 16

L.Ed.2d 694 (1966), and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), their requirements are not applicable. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Consequently the voluntariness of the confession must be tested upon consideration of the totality of the circumstances. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Fikes v. State of Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); State of Texas v. Payton, supra.

A review of testimony elicited during the habeas corpus hearing effectively negatives a finding based upon the totality of circumstances that the confession was coerced. The appellant and his brother-in-law were arrested without warrants at 11:30 p. m. on August 25, 1960, at his brother-in-law's house.[3] The appellant confessed at about 4:00 p. m. the next day. To support his claim of psychological coercion, the appellant points to the following facts. He could not sleep during the night. He could not eat the prison fare offered at breakfast and lunch. Webb testified that he was questioned both in the morning and afternoon following his arrest. Officer Beck, the interrogating officer testified that Webb was first questioned in the afternoon, and confessed at once. Webb's version was that he confessed in the afternoon because the police threatened that if he didn't make a statement, things would go bad for his brother-in-law. The appellant suggests that the stark atmosphere of the interrogation room contributed to his confused state

of that legislation was August 28, 1967. The appellant sought, unsuccessfully, relief under the old provision of Article 119, Texas Code of Criminal Procedure (1925).

2. See footnote 1. Thus the requirement of Title 28, U.S.C., Section 2254, as interpreted by Fay v. Noia, supra, was met.

3. The appellant has not attacked the probable cause for the arrest. On the record,

the details surrounding the arrest are rather sketchy. Apparently, the police officers had eyewitness reports that the appellant and his brother-in-law were in the murder victim's house at the time of the shooting and had sped away in a green Plymouth. The police arrested the men fifteen minutes after receiving this information upon finding the automobile in front of the brother-in-law's house.

of mind. Ultimately the appellant concludes that these circumstances, coupled with the facts that he was not taken to a magistrate before he confessed, and was inadequately warned of his rights to remain silent and to have an attorney, demonstrate a totality of circumstances which prove a coerced confession.

 A review of the record negates the appellant's assertions. Nothing in the record indicates that anyone or anything, except perhaps the appellant himself, prevented the appellant from sleeping or eating. There was no evidence of prolonged questioning, physical beatings, or inquisitorial methods. Officer Beck, who was the investigative officer, denied threatening the appellant that things would go bad for his brother-in-law if the appellant did not confess. Although the arrest and subsequent release of the brother-in-law lends some support to the appellant's contention that the arrest of his brother-in-law was used to pressure the appellant, we are not persuaded that the lower court erred in determining from the totality of the circumstances that the appellant's confession was untainted by coercion.

 The second contention raised by the appellant is that the failure to take the appellant before the nearest available committing magistrate during the sixteen hours before the confession was made vitiated the confession. The substance of the appellant's argument is that the rule in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed.2d 819 (1943), last explicated by the Court in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1956), providing that a confession is inadmissible when taken from a person suspected of a federal offense if that person has not previously been promptly taken before a United States Commissioner or other judicial officer, should apply with equal force to the states. Since the Supreme Court has not applied the McNabb rule to the states, we also refrain. The rule does not reach constitutional proportions, but rather is an exercise of the supervisory power of the Supreme Court over inferior federal courts. See Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1960); Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed.2d 1522 (1953). It is the defendant's burden to show that under Texas law, delay in the arraignment process renders any confession acquired during the delay inadmissible as a matter of law. See Stein v. New York, supra[4]. Although Texas has an arraignment statute,[5] delay in the arraignment process, in and of itself, does not vitiate a confession. See Hughes v. State of Texas, Cr.App.1966, 409 S.W.2d 416; Grissam v. State of Texas, Cr. App.1966, 403 S.W.2d 414; Dugger v. State of Texas, Cr.App.1966, 402 S.W.2d 178. We have weighed the delay as a part of the totality of circumstances surrounding the confession, supra, pages 3, 4 and 5. We find no causal connection between the delay and the confession and affirm. See Hughes v. State of Texas, supra.

Affirmed.

4. The appellant in his reply brief argued that federal jurisdiction should be invoked because Texas law did not follow the McNabb rule.

5. Article 217 of the Texas Code of Criminal Procedure (1925). (Now Article 14.06 of the 1965 Code).