Scott Wesley LANTZ, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 27914

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1969.

Scott Wesley Lantz, in pro. per.

Seagal V. Wheatley, U. S. Atty., Romoualdo Cesar Caballero, Asst. U. S. Atty., El Paso, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

 This appeal is taken from an order of the district court denying without an evidentiary hearing a federal prisoner's motion to vacate sentence

pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant was convicted on his plea of guilty of interstate transportation of forged securities, a violation of 18 U.S.C. § 2314. As grounds for relief he contends (1) he was denied a speedy trial; (2) court-appointed counsel failed to appear at the arraignment; (3) the court, in passing sentence, failed to consider the pre-sentence report; (4) lack of effective counsel; and (5) there was no United States Attorney present at his sentencing.

 The district court found from the record, which includes the transcripts of the arraignment and sentencing proceedings, that appellant pled guilty knowingly and voluntarily. A study of the record reveals this to be obviously correct. Further, appellant has made no allegation in his § 2255 proceeding to challenge the validity of his plea. A guilty plea being knowingly and voluntarily entered serves as an effective waiver of all non-jurisdictional defects in the proceedings up to that point. Askew v. State of Alabama, 5th Cir. 1968, 398 F.2d 825; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75. The district court went on to find that any delay in arraigning appellant was necessary and not prejudicial to him. See Sanders & Buschkotter v. United States, 5th Cir. 1969, 416 F.2d 194 [August 11, 1969]. The court below also found that appellant was represented by counsel at his arraignment. The record reveals the correctness of these findings.

The court below stated that it did have the benefit of full and complete pre-sentence report. However, even if the district court had proceeded without the report, that would not be such error which would necessitate the vacation of the sentence. United States v. Deas, 5th Cir. 1969, 413 F.2d 1371 [June 13, 1969].

We also agree with the finding below that there was insufficient basis for relief in appellant's allegation of ineffective counsel. Mosley v. Smith, 5th Cir. 1968, 404 F.2d 346; Williams v. Beto, 5th Cir. 1965, 354 F.2d 698. Appellant, from his own testimony and pleadings, was adamant about pleading guilty, and in light of appellant's past record, counsel was greatly hampered in offering any plea for leniency in sentencing.

Finally, the absence of the United States Attorney from the sentencing procedures was in no way prejudicial to appellant.

Perceiving no clear error in the district court's findings of fact and its application of the law, the judgment below is affirmed.

Affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F. 2d 804, Part I.