William P. RYAN, Petitioner-Appellant,

v.

STATE OF LOUISIANA, C. Murray Henderson, Warden, Respondent-Appellee.

No. 27710

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1969.

William P. Ryan, pro se.

Jack P. F. Gremillion, Atty. Gen. of La., Jack E. Yelverton, Asst. Atty. Gen., Baton Rouge, La., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ This is an appeal from the denial of habeas corpus relief without an evidentiary hearing.[1] We reverse.

The appellant has complained of his conviction in the Orleans Parish Crim-

inal District Court for the crime of aggravated escape. He was represented by court-appointed counsel, and pleaded guilty on August 18, 1967. There was no direct appeal, but appellant has exhausted his available post-conviction remedies.

The appellant contends that his plea of guilty was wrongfully induced by threats made by an assistant district attorney, and by appointment, against his wishes, of defense counsel whom he had discharged in a previous criminal case.

■ The United States District Court denied habeas relief on grounds that "when the petitioner entered his plea of 'guilty as charged' he waived all non-jurisdictional defenses and became bound by his guilty plea." This is correct as a general statement of law where the plea has been freely, voluntarily and understandingly made. In this case, however, the validity of the plea itself must be decided at an evidentiary hearing.[2] As was pointed out in Lantz v. United States, 5th Cir. 1968, 417 F.2d 329, "A guilty plea being knowingly and voluntarily entered serves as an effective waiver of all non-jurisdictional defects in the proceedings up to that point. Askew v. State of Alabama, 5th Cir. 1968, 398 F.2d 825; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75 (emphasis added)." See also Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82; Kimbrough v. Beto, 5th Cir. 1969, 412 F.2d 981; Johnson v. Smith, 5th Cir. 1969, 414 F.2d 645.

Reversed and remanded.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

2. Upon remand it is not imperative that the district court itself hold a hearing. The district court may properly withhold

the granting of relief and retain jurisdiction of this cause for a reasonable period of time during which the state may be afforded opportunity to give the appellant an evidentiary hearing and enter appropriate findings. It is for the district court to determine whether it should proceed to conduct the hearing itself or allow the state to conduct its own hearing and enter appropriate findings. For a more complete statement of this procedure see Cline v. Beto, 5th Cir. 1969, 418 F.2d 549.