244 So.2d 1 (1971)
Matthew WINTERS
v.
STATE of Mississippi.
No. 46191.
Supreme Court of Mississippi.
February 8, 1971.
Constance Iona Slaughter, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
This is an appeal by Matthew Winters from a judgment of the Circuit Court of Holmes County overruling appellant's motion to vacate his previous conviction by a plea of guilty to a charge of murder, and the life sentence imposed as a result of his plea. We affirm.
*2 Appellant, a Negro, was indicted at the April 1963 term of the Circuit Court of Holmes County for the murder of E.T. Branch, a Caucasian. He was at the time seventeen years of age and his family employed David E. Crawley, Jr. of Kosciusko, Mississippi, to defend him on this charge. Upon arraignment appellant pled not guilty. His counsel, after an investigation, was convinced from what appellant and members of his family had told him relative to the facts in the case that appellant had no real defense to the charge unless a mental examination would reveal that appellant was insane. Counsel then filed a petition asking that appellant be committed to the state hospital for a mental examination, and the court entered an order so committing him. He was found to be without psychosis and was returned to the Holmes County Jail. At the October 1963 term appellant entered a plea of guilty to the charge of murder and was sentenced to serve a life term in the State Penitentiary.
On October 6, 1969, appellant filed a motion in the Circuit Court of Holmes County seeking to have his sentence vacated. The motion alleged that at the time of his indictment, and for a long time prior thereto, Negroes had been deliberately excluded from service on the grand and petit juries in violation of the Fourteenth Amendment. It was also alleged that appellant was denied his right of effective assistance of counsel because his counsel failed to advise him of his right to challenge the indictment on the systematic exclusion of Negroes from the grand jury and his right to stand trial by a jury from which Negroes had not been systematically excluded. It was further alleged that because he was a Negro layman and uneducated in law, he did not recognize or become aware of his constitutional right until shortly before filing his petition to vacate.
The trial court conducted a full evidentiary hearing on the motion, and the evidence supports the following finding by the court:
The court finds from the testimony presented at the hearing that David Crawley, Jr., is and has been a member of the Mississippi State Bar in good standing since 1942, that as a part of his practice prior to 1963, he had handled a number of criminal cases, including murder cases. The court further finds that the petitioner's attorney, Mr. Crawley, investigated the charges against his client thoroughly, that his investigation showed no substantial conflicts as to the occurrence of the crime, that Mr. Crawley believed based upon his investigation that to go to trial would put his client in imminent danger of receiving the death penalty, that Mr. Crawley considered raising every possible issue and defense, including the systematic exclusion of Negroes from jury service in Holmes County and would have done so had the case been tried, that although the intention to raise the defense of systematic exclusion of Negroes from jury service was not communicated to the petitioner, it was communicated to the District Attorney during the plea bargaining. The court therefore concludes that the petitioner was advised of and knew the elements of the charge against him, was advised of his rights, and was aware of the sentences which could be imposed, including the death penalty. The petitioner knowingly, intelligently and voluntarily entered his plea of guilty upon the advice of competent counsel. The petitioner's voluntary guilty plea waived all non-jurisdictional defects. Lantz v. United States, 417 F.2d 329 (5th Cir. Oct. 6, 1969); Picard v. Allgood, 400 F.2d 887 (5th Cir., 1968); Askew v. Alabama, 398 F.2d 825 (5th Cir., 1968); Henderson v. United States, 395 F.2d 209 (5th Cir., 1968); Busby v. Holman, 356 F.2d 75 (5th Cir., 1966); and Clark v. Cook, Civ. No. 3702 (C.C.S.D.Miss., June 10, 1969).
The decision of the trial court is in keeping with our holding in Ellzey v. State, 196 So.2d 889 (Miss. 1967), there we *3 held an eighteen year old defendant who had voluntarily pleaded guilty to murder could not thereafter urge that plea was void on the theory that Negroes had been systematically excluded from jury service in that county and that he had not been advised of his right to challenge the panel. We adhere to this decision for the same reasons stated in the opinion. We are aware that there are decisions of the Fifth Circuit Court of Appeals and the Federal District Courts holding contra. However, such decisions are not binding on us, absent a decision of the Supreme Court of the United States holding to the contrary, we choose to follow the well established precedent in this state.
For the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.