**Cecil STEPHEN, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 30699.**

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1971.

Cecil Stephen, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., William R. Childers, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

**980**

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Cecil Stephen, a Georgia state prisoner, appeals the district court's denial of his petition for the writ of habeas corpus. We affirm.[1]

The grounds upon which the appellant bases his federal habeas attack are: (1) his arrest was illegal; (2) he was held incommunicado by the police, without benefit of counsel or access to his family, and subjected to coercion and interrogation; (3) his pleas of guilty to one count of murder and four counts of assault with intent to murder were involuntary, and entered without the assistance or waiver of counsel.

The appellant's state trial court conducted an evidentiary hearing on the merits of his contentions relative to denial of counsel and involuntary guilty pleas. Thereafter the court denied relief on the basis of the testimony of the Solicitor General which completely refuted the appellant's allegations.

Upon a review of record and transcript of the state evidentiary hearing the United States District Court found that the appellant had been afforded a full and fair hearing in his state court, and that the state court's findings of fact and conclusions of law were fully supported and justified by the evidence. The district court also held that since the appellant knowingly and voluntarily entered a valid plea of guilty, he waived any challenge he might have against non-jurisdictional defects of his convictions, such as the first two contentions, stated herein. Askew v. Alabama, 5th Cir. 1968, 398 F.2d 825.

This Court has made an independent examination of the record in this case, and we conclude that the court below did not err in its holding that the appellant entered valid pleas of guilty to the complained-of convictions, with the aid and benefit of court-appointed counsel. Accordingly, the judgment below is affirmed. See Boyd v. Smith, 5th Cir. 1970, 435 F.2d 153.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.