**Julian R. FITZGERALD, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 29493.

United States Court of Appeals, Fifth Circuit.

April 7, 1971.

Britt Whitaker, court appointed, Tampa, Fla., for petitioner-appellant.

Earl Faircloth, Atty. Gen., Tallahassee, Fla. Morton J. Hanlon, P. A. Pacyna, Asst. Attys. Gen., Lakeland, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE and GODBOLD, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant, Fitzgerald, appeals from the District Courts' denial of his writ of habeas corpus, without an evidentiary hearing, by which Appellant seeks relief from his Florida state convictions of breaking and entering and possession of burglary tools. After appointing counsel to assist Appellant in his appeal, the Florida Courts affirmed his conviction. Fitzgerald v. State, Fla.App., 1967, 203 So.2d 511.

In the habeas corpus petition Appellant makes the following six contentions: (i) his arrest was illegal, (ii) evidence used against him was seized as a result of the illegal arrest, (iii) an incriminating statement made by the Appellant as a result of "in custody" questioning was allowed into evidence without a prior determination of its voluntariness, (iv) the state failed to provide the complete record for appeal, (v) the prosecutor improperly commented on Appellant's election not to testify, and (vi) favorable evidence was suppressed and compulsory process of witnesses was denied.

The Federal District Court had the state court trial record for examination. We agree that as to points (i) (ii) (iv) (v) and (vi) the Federal Court was en-titled to conclude that the record was adequate and, therefore, that no further evidentiary hearing on them was required. The Court also was warranted in holding that none of those five claims was established. With respect to (iii) —erroneous admission of incriminating statements—the Judge, "recognizing the difficulty of the question," held that although Miranda[1] was applicable and had not been complied with, there still was no constitutional infirmity as Appellant had waived this by his failure during trial to object in any way to the receipt of this evidence.

██ Since Appellant was acting as his own counsel and, of course, he was unskilled in the principles of evidence, we do not expressly assay contention (iii) since the record raises considerable doubt as to the underlying problem of adequacy of counsel—or perhaps, denial of any assistance of counsel at all—and this has not been developed or explored sufficiently either below or in the state courts.[2] Accordingly we think it appropriate in the interest of justice, 28 U.S. C.A. §§ 2106, 2243, to vacate the judgment of the District Court to permit the exhaustion of state remedies on whether Appellant was denied his constitutionally protected right to the effective assistance of counsel.

Appellant and his three codefendants all retained the same counsel for their defense. Appellant contributed a very small sum toward the total amount of his defense, and sometime thereafter, between the date of his arraignment and the date of his trial, Appellant's retained counsel was granted permission from the Trial Court to withdraw from the case. No reason for the request is contained in the record. According to Appellant he was totally unaware of this change of events until the day he was brought to trial. There he learned that the state

---

1. Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. This issue was not directly ruled upon by either the state or federal habeas Judges. The record clearly reveals that

Appellant acted as his own defense counsel, and the habeas corpus forms he has filled out expressly state that any waiver of counsel on his part resulted only because he had no other choice.

public defender had been appointed to represent Appellant and his three codefendants.

Appellant claims that the public defender at that time "offered them a deal of [18 months] for the offense charged, if they would enter pleas of guilty * * *," but, that Appellant insisted then, as he has insisted throughout all of the proceedings in this case, that he is innocent of the charges against him. Whereas the other defendants accepted the offer and pleaded guilty, Appellant rejected it. Appellant in effect rejected the assistance of the public defender since he did not believe that the public defender could properly defend him on a not guilty plea, as the public defender had the duty of appearing with the other defendants, who planned to plead guilty, and also because he had advised Appellant to plead guilty, apparently believing him to be so, a position contrary to that one taken by Appellant.

The upshot was, so Appellant says, that the Trial Judge never informed him of any right he may have had to "separate counsel", so he (Appellant), "even though inexperienced in law, simply * * * did act as his own counsel," due to ignorance of his Sixth Amendment right to counsel.

But beyond this, the record is so insufficient that we cannot safely determine the merits of the question whether Appellant received the assistance of counsel, effective assistance of counsel, or whether he knowingly waived representation of counsel, either before or during his state trial.[3]

At the same time the record reflects such doubt that we must begin our analysis with the proposition that courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461. This presumption against waiver applies to the right to counsel in state criminal proceedings. Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. And because it applies even where the defendant has pleaded guilty, Rice v. Olson, 1945, 324 U.S. 786, 65 S.Ct. 989, 89 L. Ed. 1367, it also applies, a fortiori, in a situation such as this one where the defendant has pleaded not guilty.

Appellant's habeas contention (iii) illustrates the significance of effective assistance of counsel. The District Court considered this to be a "difficult question", but reached a dual conclusion. First, that Appellant waived his right to complain of its admission into evidence because he did not object at the time of its admission. However, from the trial court record it is clear that the Trial Judge left Appellant to his own untutored devices, without affording him any assistance in the intricacies of a criminal trial, the questionable nature of the admissibility of the statement notwithstanding. This is the absence of just such type of assistance that Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, so strongly denounces.

Second, the District Court also concluded that the evidence was sufficient to have sustained the conviction even if the statement had been excluded. However, since the statement was in the nature of a confession, it is impossible at this juncture to tell whether the admission of this statement passes muster under Chapman v. California, 1967, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, as harmless beyond "a reasonable doubt."

In Byrd v. Smith[4] we admonished the states in the plainest language, that "indigents must be furnished counsel at every critical stage of criminal proceedings, * * * [Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493; Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811; Griffin v. People of State of Illinois, 1956, 351 U.S.

---

3. We have received no help at all from the State's brief.

4. Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363.

12, 76 S.Ct. 585, 100 L.Ed. 891] * * * whatever the system—adequate representation must be provided * * * The State cannot discharge that responsibility levied upon it by the Fourteenth Amendment, without notifying the defendants of their rights." 407 F.2d at 365.

 Where the habeas petitioner raises constitutional issues not previously acted upon by the state courts, and if those issues may still be presented there, he must ordinarily first exhaust the state remedies before he seeks relief in the federal courts. Whippler v. Balkcom, 5 Cir., 1965, 342 F.2d 388. Obviously a Florida remedy is both available and adequate under the post-conviction procedure of Criminal Procedure Rule 1.850, 33 F.S.A. (formerly Rule 1).[5]

As it is with respect to Texas[6] and Georgia[7] procedures, it is the policy of this Court "to exploit fully the contemporary post-conviction procedures of the kind so effectively provided by Fla.R. Crim.P. 1.850 * * * 33 F.S.A. * * * This puts responsibility for fact finding and determination directly and initially on the * * * [State], where it belongs, * * *" Boyer v. Orlando, 5 Cir., 1968, 402 F.2d 966, 67, 68. See also, Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778, nn. 1 and 2 at 780, 781; Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307; and Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214.

We therefore affirm the judgment of the federal District Court as to conten-

tions (i) (ii) (iv) (v) and (vi) and vacate the remainder and remand the case so that appropriate proceedings may be had in the Florida Courts under Rule 1.-850.

Affirmed in part.

Vacated and remanded in part.

---

5. See In re Criminal Procedure Rule No. 1, Fla.Sup., 1963, 151 So.2d 634, 635; Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966.

6. Texas v. Payton, 5 Cir., 1968, 390 F. 2d 261; Horn v. Beto, 5 Cir., 1970, 423 F.2d 583; Farmer v. Beto, 5 Cir., 1969, 421 F.2d 184; Cline v. Beto, 5 Cir., 1969, 418 F.2d 549; Clark v. Beto, 5 Cir., 1969, 359 F.2d 554, cert. denied, 386 U.S. 927, 87 S.Ct. 875, 17 L.Ed.2d 799, on remand, 415 F.2d 71; Perry v. Decker, 5 Cir., 1969, 415 F.2d 773, cert. denied, 397 U.S. 998, 90 S.Ct. 1143, 25 L.Ed.2d 408; Webb v. Beto,

5 Cir., 1969, 415 F.2d 433, cert. denied, 396 U.S. 1019, 90 S.Ct. 587, 24 L.Ed.2d 511.

7. McGarragh v. Dutton, 5 Cir., 1967, 381 F.2d 161; Davis v. Smith, 5 Cir., 1970, 430 F.2d 1256.

We have employed a similar procedure in other states. See Ryan v. State of Louisiana, 5 Cir., 1969, 418 F.2d 560; see also Purdy v. United States, 5 Cir., 1969, 416 F.2d 1052, cert. denied, Reis v. Purdy, 1969, 397 U.S. 1048, 90 S.Ct. 1380, 25 L.Ed.2d 661; Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214.