**Jacob WADDY, Virginia Rea Waddy, etc., et al., Plaintiffs-Appellants,**

v.

**N. J. DAVIS, Chairman of the Board of Registrars of Perry County, Alabama, et al., Defendants-Appellees.**

No. 30305.

United States Court of Appeals, Fifth Circuit.

June 28, 1971.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiffs-appellants.

MacDonald Gallion, Atty. Gen. of Alabama, Leslie Hall, Asst. Atty. Gen., Montgomery, Ala., W. B. Arbuthnot, Marion, Ala., for defendants-appellees.

Before CLARK, Associate Justice,[*] and GEWIN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is a class action brought under the provisions of 42 U.S.C.A. § 1983, by Negro citizens of Perry County, Alabama, against the members of the Board of Registrars. The complaint alleges that the plaintiffs were registered voters who met all of the valid requirements of eligible voters and that they were wrongfully removed from the voting list following their plea of guilty

---

[*] Associate Justice United States Supreme Court (Ret.), sitting by designation.

of receiving unemployment compensation benefits by reason of misrepresentations.[1] It was further alleged that at the time of the plea the plaintiffs were not represented by counsel and that they were not advised that as a consequence of pleading guilty they would be removed from the voting list.[2] The plaintiffs asked that their voting rights be restored.

The District Court granted the defendants' motion to dismiss stating simply that "it is directed by the court that attacks against pleas should be raised in each of the cases in the criminal proceedings." We affirm.

In order to pinpoint the thrust of plaintiffs' complaint, it is well to understand the directions it does not take.

Plaintiffs do not directly attack their guilty pleas, apparently conceding that any direct attack to set aside the convictions would have to be commenced in state court. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Code of Alabama, Title 15 § 383 (1958); Allen v. State, 42 Ala.App. 9, 150 So.2d 399 (1963).

Nor do they question on this appeal that the crime to which they pleaded guilty is one which disqualifies them from voting under Alabama law. It has been determined in a prior unappealed case that the offense for which plaintiffs were convicted is a crime involving "moral turpitude." Jacob Waddy, et al. v. N. J. Davis, et al., Civil Action No. 5283–68 (S.D.Ala., October 18, 1969).

Plaintiffs do not here contest the principle that the privilege of voting in a state is within the jurisdiction of the state itself, to be exercised as the state may direct and upon such terms as to it may seem proper, provided no discrimination is made between individuals in violation of the United States Constitution. Pope v. Williams, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817 (1904); Davis v.

1. Title 26, § 251, subd. A, Code of Alabama 1940 (Recomp.1958), the Unemployment Compensation Law of Alabama:

"Whoever wilfully makes a false statement or representation or who wilfully fails to disclose a material fact to obtain or increase any benefit or payment under this chapter, or under an unemployment insurance law of any other state or government, either for himself or for any other person, whether such benefit or payment is actually received or not, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five nor more than two hundred fifty dollars, or by imprisonment for not longer than three months, or by less than twenty-five nor more than two hundred fifty dollars, or by imprisonment for not longer than three months, or by both such fine and imprisonment, and each such false statement or representation shall constitute separate and distinct offense."

2. Title 17, section 15, Code of Alabama 1940 (Recomp.1958):

"Disqualifications of elector to vote.— The following persons shall be disqualified both from registering and voting: All idiots and insane persons; those who were by reason of conviction of crime disqualified from voting at the time of the ratification of the constitution on November 28, 1901; those who have been since November 28, 1901, or who shall be convicted of treason, murder, arson, embezzlement, malfeasance in office, larceny, receiving stolen property, obtaining property or money under false pretenses, perjury, subornation of perjury, robbery, assault with intent to rob, burglary, forgery, bribery, assault and battery on wife, bigamy, living in adultery, sodomy, incest, rape, miscegenation, crime against nature, or any crime punishable by imprisonment in the penitentiary, or of any infamous crime or crimes involving moral turpitude; also any person who has been since November 29, 1901, or who shall be convicted as a vagrant or tramp, or of selling or offering to sell his vote, or the vote of another; or of buying or offering to buy the vote of another, or of making or offering to make false return in any election by the people, or in any primary election to procure the nomination or election of any person to any office, or of suborning any witness or registrar to secure the registration of any person as an elector."

Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637 (1890); Lassiter v. Northhampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). The denial of the voting franchise to convicted criminals raises no substantial constitutional question. Green v. Board of Elections of the City of New York, 380 F.2d 445 (2d Cir. 1967).

No due process attack is made upon the procedure by which the Board of Registrars removed plaintiffs from the voting list, notice having been given and an opportunity for hearing afforded.[3]

Nor does the complaint allege any facts which would indicate that the Alabama law is not evenly applied to all races.

Plaintiffs would simply have the court remove an indirect or collateral consequence of their convictions. They reason that a guilty plea amounts to a waiver of the right to vote, and that such a waiver cannot be made unless the accused is advised that this will be the consequence of his guilty plea.

The plaintiffs fail to appreciate that the loss of franchise is a result of the conviction, not the plea. A guilty plea acts as a waiver of non-jurisdictional defects in the prior proceedings against an accused. Askew v. Alabama, 398 F.2d 825 (5th Cir. 1968); Lantz v. United States, 417 F.2d 329 (5th Cir. 1969). We have neither found nor been cited to any authority for the proposition that the collateral results of a conviction can be erased on the ground that the conviction was based on a guilty plea and the pleader was not informed that such results would follow. Our acceptance of plaintiffs' novel theory would lead to the anomalous result that the plaintiffs who plead guilty would be restored to the voting list, while anyone convicted of the same charge after a plea of not guilty would remain disenfranchised.

We need not decide whether or not the failure to inform a criminal defendant of the effect of the conviction on his voting rights offers any ground for withdrawing the guilty plea. Certainly if the plea were withdrawn the prosecution could proceed on the plea of not guilty, and if convicted, the plaintiffs would still lose their right to vote. Plaintiffs apparently seek the advantage of the restoration of their voting rights, without risking a conviction on a trial after a not guilty plea.

We need decide only that relief from the effects of a criminal conviction cannot be granted by the courts on a piecemeal basis through collateral attacks on such results. If any plaintiff is to regain his voting rights, his conviction must be the point of attack. In this kind of litigation, state remedies must be exhausted before the parties can come to federal court. Short of this, plaintiffs have no right to challenge the legal results which flow from convictions under constitutional state laws.

Affirmed.

3. The defendants notified the plaintiffs that "legal records available to this office reveal that you were convicted of false pretense. This conviction disqualified you as an elector in the State of Alabama; and the Board of Registrars proposes to strike your name from the qualified voter list. However, if you believe this to be in error, you are requested to appear before the Board of Registrars on April 16, 1968, at the Perry County Court House to finalize your status."