**Sylvester COPELAND, a/k/a Danny King, Petitioner-Appellant,**

v.

**Sheriff Malcomb BEARD and Louie L. Wainwright, Director, Division of Corrections, State of Florida, Respondents-Appellees.**

**No. 71–1702**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Sylvester Copeland, pro se.

Earl Faircloth, Atty. Gen. of Fla., Charles Corces, Jr., Asst. Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Lakeland, Fla., Robert L. Shevin, Atty. Gen., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Sylvester Copeland, a Florida state prisoner, appeals from the district court's denial of his petition styled a civil rights complaint. The district court held that it was actually a petition for habeas corpus, and denied relief on grounds of failure to exhaust available state remedies as required by 28 U.S.C. § 2254. We affirm.

A reading of the petition shows beyond doubt that the ruling of the district court is correct. In the petition, Appellant Copeland prayed for "a writ of habeas corpus" as well as money damages; and the bulk of his complaints relate to the alleged unfairness and illegality of his pre-trial and state trial proceedings. Copeland is seeking relief from his conviction and ten-year sentence for possession of firearms while having previously been convicted of a felony, in violation of Fla.Stats.Ann. § 790.23, F.S.A. In his brief filed on this appeal, Copeland requests dismissal of the charge and his release from state prison to federal authorities.

Appellant concededly has not exhausted his available state remedies of motion to vacate the conviction under Rule 1.850, Fla.R.Cr.P., 33 F.S.A., and appeal in event of denial. In another petition which he filed in federal court, Copeland stated that he had no intention of filing a Rule 1.850 motion because he believed that it would be ineffective and would only result in further delay.

In many cases we have held that all available state remedies must be exhausted prior to adjudication of the merits of the habeas petitions of state prisoners. See, e. g., Spencer v. Wainwright, 5th Cir. 1968, 403 F.2d 778; Fitzgerald v. Wainwright, 5th Cir. 1971, 440 F.2d 1049; 28 U.S.C. § 2254. The exhaustion requirement is no less applicable to Sylvester Copeland.

The order appealed from is due to be, and it is hereby affirmed.

Affirmed.