Arthur K. Bolton, Atty. Gen. of Georgia, Mathew Robins, Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the petition of a Georgia state prisoner for the writ of habeas corpus. We affirm.[1]

Appellant, represented by court-appointed counsel, pled guilty to three charges of robbery by force and was sentenced to consecutive terms of imprisonment of 12 years, 10 years, and 10 years. After exhausting state remedies, appellant filed his habeas petition in the court below alleging that he was (1) illegally arrested; (2) held incommunicado for a month following his arrest, was denied counsel, and was subjected to inhuman treatment; (3) denied a preliminary hearing; (4) not advised of his constitutional rights upon his arrest; (5) denied effective counsel; (6) coerced into pleading guilty by threats of the death penalty and promises of concurrent sentences; and (7) not advised by counsel or the court of the nature of the charges against him and the consequences of his pleas.

The district court denied relief based upon the record, which includes a copy of the evidentiary hearing held by the state court. The court below found that appellant, in his own testimony, refuted his allegations; that appellant signed a waiver of counsel form following his arrest and was given a preliminary hearing; that he was advised by counsel of his constitutional rights, the charges against him and the possible punishment for each; that he stated in open court that his pleas were voluntary; and that appellant admitted his guilt at the evidentiary hearing.

Appellant's own testimony at his evidentiary hearing clearly shows that his guilty plea was made voluntarily and after he was advised of the nature of the charges against him and the possible consequences of the plea. The testimony of appellant's trial counsel and the prosecuting attorney was to the same effect. A guilty plea made knowingly and voluntarily is an effective waiver of all prior non-jurisdictional defects, including those alleged by appellant. North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Jenkins v. Beto, 5th Cir. 1971, 442 F.2d 655 [1971]; Stephen v. Smith, 5th Cir. 1971, 438 F. 2d 979; Askew v. Alabama, 5th Cir. 1968, 398 F.2d 825. Perceiving neither clear error in the findings of the district court, nor error in its application of the law, we affirm the judgment below.

UNITED STATES of America, Plaintiff-Appellee,

v.

Luther Hugh HULETT, Defendant-Appellant.

No. 71-1264

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

William C. Calhoun, Augusta, Ga., for defendant-appellant.

Wm. J. Scholoth, U. S. Atty., Ronald T. Knight, Macon, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Judgment affirmed. See Local Rule 21.[1]

**Grover Cleveland McDANIEL, Petitioner-Appellant,**

v.

**Clarence JONES, Sheriff, and State of Texas, Respondents-Appellees.**

No. 71–1963.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1971.

Grover C. McDaniel, pro se.

Crawford C. Martin, Atty. Gen., Austin, Tex., Henry Wade, Crim. Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This case presents the sequel to McDaniel v. Sheriff, 445 F.2d 851 (5th Cir., 1971) [No. 30829, June 24, 1971]. In that case a panel of this court vacated and remanded an order of the district court dismissing McDaniel's application for the writ of habeas corpus as moot. In the instant appeal McDaniel filed a civil action on February 16, 1971, which the United States Magistrate took as an application for writ of habeas corpus. The action filed under a single docket number was, however, two separate actions: one styled Application for Restraining Order, Discharge of Applicant, was properly taken to be an application for writ of habeas corpus. The other was an action under the Civil Rights Act for wrongful detention and other deprivation of civil liberties in connection with McDaniels' conviction for the

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).