# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00937-SCT

*JACKIE VANDERFORD A/K/A JACKIE B.*
*VANDERFORD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/2/94 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | JIM POUNDS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 3/27/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Jackie Vanderford was indicted for grand larceny committed on December 4, 1991. He was also charged in the indictment as an habitual offender. On January 27, 1993, Vanderford entered a plea of guilty and was sentenced to serve five years without parole or probation. Vanderford's timely motion for post-conviction relief was dismissed by the Circuit Court of Alcorn County on November 2, 1994.

## I.

**WAS VANDERFORD DENIED DUE PROCESS WHEN THE CIRCUIT COURT REFUSED TO ORDER A MENTAL EXAMINATION ?**

Vanderford contends that he was incompetent to plead guilty because he is mentally ill. The record points out that he was explicitly asked if he had ever been treated for any illness, mental or drug related. In his response, Vanderford said he had been in a twenty-one day treatment program for drugs. Vanderford did not tell the judge of his mental illness before he plead guilty.

A criminal defendant may not be tried unless he is competent. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A criminal defendant may not waive his right to counsel or plead guilty unless he does so competently and intelligently. *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *see also Johnson v. Zerbst*, 304 U.S. 458, 468 (1938); *Brady v. United States*, 397 U.S. 742, 758 (1970). In *Godinez*, the United States Supreme Court held that the standard for competence to stand trial is the same standard for competence to plead guilty. *Godinez*, 509 U.S. at 398. *Godinez* upheld that the competence standard found in *Dusky v. United States*, 362 U.S. 402 (1960). *Dusky* said "the standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez*, 509 U.S. at 396 (*quoting Dusky*, 362 U.S. at 402); *see also Drope v. Missouri*, 420 U.S. 162 (1975). Therefore, any guilty plea by someone incompetent is void.

Under Rule 8.04 of the Mississippi Uniform Circuit and County Rules, it is the duty of the trial court to determine the competence of a defendant wishing to plead guilty. Also, Rule 9.06 of the URCC states in part:

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.

Were there "reasonable grounds" to raise the issue as to whether Vanderford was competent to stand trial? If there were reasonable grounds, then the trial court should have held a competence hearing. In *Conner v. State*, 632 So.2d 1239 (Miss. 1993), we held that the determination of "reasonable" grounds for competency rests "largely within the discretion of the trial judge." *Conner*, 632 So.2d at 1248.

*Conner*'s test can be summed up as:

> Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense? *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir.1980)

*Conner*, 632 So.2d at 1248.

Vanderford affirmatively answered that he understood that he did not have to enter pleas of guilty to any charges at the plea taking. Furthermore, counsel for Vanderford, Mr. Coleman, told Judge Gardner that he had advised Vanderford of his rights and that Vanderford understood his advice. The only evidence at the plea hearing which may have given rise to the possibility of Vanderford being incompetent was a statement by Coleman that Vanderford draws social security disability.

Though not presented to the trial court at the plea hearing, Vanderford attached to his motion for post conviction relief a copy of the social security administrative hearing findings determining that Vanderford was eligible for social security disability payments. The administrative hearing defined disabled under the Social Security Act as "the inability to engage in any substantial gainful activity due to physical or mental impairment(s) which can be expected to either result in death or last for a continuous period of not less than 12 months." Specifically, the social security administration determined that "evidence reveals that the claimant has a mental condition which is a complex combination of affective disorder, organic mental disorder and personality disorder, all of which are intimately connected to the claimant's longstanding history of drug and alcohol abuse."

Receiving social security disability could help determine a defendant's mental capacity and competency. It may be good practice for trail judges to further investigate a defendant's competency when told that a defendant receives social security disability. However, while such findings may determine one's eligibility for social security disability, these findings are hardly convincing for this Court to determine that Vanderford was incompetent to plead guilty. Because Vanderford's drug and alcohol problem prevents gainful employment due in large part to his inability to work and relate well with others, as well as take orders from a supervisor, does not have the effect of determining that Vanderford does not know or understand the proceedings of the pleading hearing, nor does it prevent him in assisting and consulting with his attorney.

A review of Vanderford's disability evaluation together with his responses during the plea colluquy does not necessarily yield reasonable ground to believe that he was incompetent to enter a plea on January 27, 1993, such that we can say that the circuit court erred in denying his motion for post conviction relief without a hearing.

## II.

### DID VANDERFORD HAVE INEFFECTIVE ASSISTANCE OF COUNSEL?

The chief contention of Vanderford is that his counsel failed to object to the state's use of Vanderford's prior convictions in order to establish habitual offender status and that the State did not give pre-trial notice of its intent to use the prior convictions. The indictment informed Vanderford of the state's intention to use the prior convictions and it made clear that the prior judgments of conviction are the reason Vanderford was charged under Miss. Code Ann. § 99-19-81, the habitual offender statute.

The test for ineffective assistance of counsel is well settled. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985)(*quoting* *Strickland v. Washington*, 466 U.S. 668 (1984)). Trial counsel could do nothing about that which Vanderford now complains of, *ie*., the prior convictions.

There is no indication that a different result would have been reached had Vanderford had other counsel or had existing counsel acted differently.

There is no merit to this assignment.

## III.

### WAS IT REVERSIBLE ERROR TO DENY VANDERFORD'S REQUEST FOR TRANSCRIPTS AND DOCUMENTS.

On September 20, 1993, Vanderford wrote the Circuit Clerk requesting the court's record, filings, guilty plea, and the sentencing transcript. Vanderford wrote the same request again on November 22, 1993. On January 26, 1994, the Circuit Judge denied Vanderford's request. On August 15, 1994, Vanderford filed a motion for post conviction relief. Attached to the motion was a request, pursuant to Miss. Code Ann. § 99-39-15, to produce the various said documents.

When the initial request for court documents was made, no motion for post-conviction had been filed and § 99-39-15 was not applicable. However, once Vanderford filed his motion for post conviction relief, § 99-39-15 applied. According to the Post-Conviction Relief Act, under Miss. Code Ann. § 99-39-15, a defendant may be entitled to trial transcripts or other relevant documents under the discovery provisions of MRCP upon discretion of the trial judge and good cause shown. *Fleming v. State*, 553 So.2d 505, 506 (Miss. 1989). Under MRCP Rule 26, only materials relevant to the issues raised are discoverable. Looking at the relevant factors of the case *sub judice*, this Court can not conclude that the circuit court judge abused his discretion in denying the court documents in this case.

## IV

### DOES VANDERFORD'S ATTACHED EXHIBIT TO HIS BRIEF EXONERATE HIM?

There is an exhibit to Vanderford's appeal brief which was not presented to the trial court for post-conviction relief at the circuit court level. It is an affidavit of his mother-in-law that states that the said stolen property was her daughter's property. Since the property did not belong to Vanderford's mother-in-law, but rather her daughter, Vanderford and his wife had every right to take the property. True or not this Court may only rule on evidence in the record and may not rule on assertions found in briefs alone. *Robinson v. State*, 662 So.2d 1100, 1104 (Miss. 1995). Vanderford should have submitted this evidence to his post-conviction relief motion at the trial level.

Even if we were not barred from reviewing the new evidence, Vanderford pleaded guilty to the charge and in *Brooks v. State*, we said:

> A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. See *Houston v. State*, 461 So.2d 720, 723 (Miss.1984); *Sanders v. State*, 440 So.2d 278, 283 (Miss.1983); *Winters v. State*, 244 So.2d 1, 2 (Miss.1971); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir.1984) (A valid guilty plea waives all non-jurisdictional defects in proceedings against a defendant); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982).

573 So.2d 1350, 1352-53 (Miss. 1990); *see also* *Conerly v. State*, 607 So.2d 1153, 1156 (Miss. 1992).

The order of the circuit court of Alcorn County Mississippi should be and is hereby affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**